Percy E. GRIFFIN, Appellant,

v.

O. B. ELLINGER, d/b/a O. B. Ellinger Paint & Drywall, Appellee.

No. 12329.

Court of Civil Appeals of Texas, Austin.

Nov. 19, 1975.

Rehearing Denied Dec. 10, 1975.

Robert C. Carr, Austin, for appellant.

Mary Ellen Felps, Joel B. Mitchell, Austin, for appellee.

SHANNON, Justice.

This appeal involves Tex.Bus. & Comm. Code Ann. § 3.403 (1967) which concerns, in general, the obligations of an authorized representative who signs his name to an instrument without showing his representative capacity.

In his first amended original petition, appellee, O. B. Ellinger, doing business as O. B. Ellinger Paint & Drywall, sued appellant, Percy E. Griffin, in the district court of Travis County for the sum of $3,950.00. Appellant, at the times material, was president of Greenway Building Company. Appellee had performed labor for and furnished materials to Greenway for a project at Lakeway in Travis County. In payment for those services and materials appellant signed three drafts totaling $3,950.00 upon the Northeast Bank of Houston to be drawn upon Greenway's account. The drafts did not show that appellant signed in his capacity as president of Greenway. The bank refused payment for reason that Greenway's account had insufficient funds. Upon trial to the court, judgment was entered for appellee for $3,950.00. We will affirm that judgment.

Appellant asserted by way of defense that in signing the drafts he was not acting in his *individual* capacity, but instead he was acting as the authorized officer for Greenway.

Upon request, the court filed findings of fact and conclusions of law. Among other things, the court found that appellee entered into an agreement with appellant to do certain work and furnish certain materials on the involved project. The court found further that appellee ". . . was not told who owned the project; who would pay him; or who would be responsible for the payments, nor did he [appellee] in-

quire." The court found as a fact that appellant signed the drafts and delivered them to appellee without comment. Appellant did not tell appellee that the "check was for or on behalf of the Corporation [Greenway]." The court did find that appellee had received on numerous occasions other drafts drawn on Greenway from other officers of Greenway and that appellee had never looked to those officers for payment.

The court concluded that appellee was entitled to judgment against appellant by virtue of Tex.Bus. & Comm.Code Ann. § 3.403 (1967).

Appellant attacks the judgment and findings and conclusions by a single point of error by which he maintains that the court erred in concluding that appellant was ". . . personally liable to Appellee under the circumstances disclosed by the evidence by reason of Section 3.403 of the Texas Business and Commerce Code."

Texas Bus. & Comm.Code Ann. § 3.403 provides, in part, as follows:

"§ 3.403. Signature by Authorized Representative

"(a) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

"(b) An authorized representative who signs his own name to an instrument

"(1) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

"(2) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

•        •        •        •        •

One of the drafts, which is typical, is set out below:

An examination of the drafts does not show *prima facie* that appellant signed them in a representative capacity. Although it is true that each draft has the printed name "Greenway Bldg. Co., Inc.," in the upper left corner, there is no word preceding or following appellant's signature showing that he signed in a representative capacity. Under these circumstances, § 3.403(b)(2) deems appellant personally obligated on the drafts unless appellant brought himself within the proviso, "except as otherwise established between the immediate parties."

■ The phrase, "except as otherwise established between the immediate parties," contemplates that the maker may introduce parol evidence to rebut the presumption of personal obligation otherwise imposed by § 3.402(b)(2). Section 3.403 does not indicate, however, the type of parol evidence necessary to rebut the presumption of personal obligation. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974). The Supreme Court in that case suggested that parol evidence tendered by the signer showing an understanding between the parties, or prior dealings between the parties, or a disclosure by the signer at the time of the execution of the instrument, would be admissible to establish the exception in § 3.403(b)(2).

■ Under his point of error appellant makes several arguments. Appellant says that he did not conceal the name and identity of his principal. Appellant claims, as a result, he should not be personally liable on the named checks. It may be true that appellant did not conceal the name and identity of his principal, but to escape personal liability, § 3.403(b)(2) affirmatively requires the signer to show that he signed the instruments in a representative capacity.

■ Appellant then points to the fact that in previous instances appellee had billed Greenway, and in those instances, officers of that corporation, other than appellant, had signed the drafts. Appellant would argue that those previous transactions constituted a history of "prior dealings between the parties" as mentioned by the Supreme Court in *Seale v. Nichols, supra*. Appellant's argument overlooks the requirement in the exception contained in § 3.403(b)(2) that proof be made of an understanding, or perhaps relationship, "between the *immediate* parties." The prior dealings shown were not between appellant and appellee but instead between other officers of the corporation and appellee.

■ Appellant states, correctly, that the record shows he did not make any personal representations that he would personally guarantee the drafts. Appellant then argues that before he could be personally obligated on the drafts appellee would have to prove that appellant guaranteed them. Appellant's argument ignores the plain language of § 3.403, which makes the signer personally obligated if the instrument he signs does not show that he signed in a representative capacity.

The judgment is affirmed.

Affirmed.