**Russell C. WOLF, Appellant,**

v.

**LITTLE JOHN CORPORATION OF LIBERIA et al., Appellees.**

No. 17228.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 31, 1979.

Rehearing Denied July 12, 1979.

W. James Kronzer, Kronzer, Abraham & Watkins, Maurice A. Lehmann and Firman A. Hickey, Jr., Houston, for appellant.

Bean & Manning, Jack B. Manning, Houston, for appellees.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

WALLACE, Justice.

This is an appeal in a suit on a promissory note. Trial was to a jury which answered all issues adverse to plaintiff. Prior to trial, summary judgment had been entered against Little John Corporation of Liberia.

Plaintiff herein, Russell C. Wolf, (Wolf) was holder of the subject note. The suit named Little John Corporation of Liberia, John W. Mecom (Mecom, Sr.) and John W. Mecom, Jr. (Mecom, Jr.) as defendants. Wolf alleged that Little John Corporation of Liberia was the alter ego of Mecom, Sr. and also of Mecom, Jr.; that Mecom, Sr. promised to personally pay the note when he had no intention to do so; that Mecom, Jr. failed to advise Wolf that there were two corporations named Little John Corporation, both of which were owned by Mecom, Sr., and that such failure constituted fraud. The issues submitted to the jury and answered adversely to Wolf were (1) Little John Corporation (Liberia) was the alter ego of Mecom, Sr., (2) Little John Corporation (Libera) was the alter ego of Mecom, Jr., (3) promise by Mecom, Sr., to personally pay the note, (4) Little John Corporation of Liberia was insolvent when note was executed and (5) failure of Mecom, Jr., to identify which Little John Corporation was the maker of the note was material. The last three issues above were each the first in a series necessary to establish fraud.

Appellant assigns seven points of error. The first four are directed to the personal liability of Mecom, Jr., under Texas Business and Commerce Code. The remaining three points are directed toward the factual

sufficiency of the evidence to support the jury finding on alter ego.

## LIABILITY UNDER TEXAS BUSINESS AND COMMERCE CODE

The note in question was for the amount of $113,451.00, was dated June 18, 1968, and signed "Little John Corporation By John W. Mecom, Jr., President." Consideration was a personal note from Mecom, Sr., to Wolf for $50,000.00 dated January 1, 1963, and the unpaid portion of a series of notes from Pan American Industries, Inc., to Wolf in the original amount of $70,115.00. Pan American Industries, Inc., was owned by Mecom, Sr. and Wolf.

Mecom, Sr., was engaged in an effort to borrow approximately $50,000,000.00 as part of a refinancing plan for his various enterprises. Frank A. Learman was working for Mecom, Sr., as a financial consultant to structure the refinancing program. At the suggestion of Learman the note in question was prepared and executed. As part of the transaction, all of Wolf's interest in Pan American Industries, Inc., was transferred to Mecom, Sr. There were two corporations named Little John Corporation. One was a Delaware corporation and the other was a Liberia corporation. Wolf was unaware that two corporations named "Little John Corporation" existed. The record shows that Wolf took the note with knowledge that Little John Corporation was the principal maker and Mecom, Jr., signed it in a representative capacity. Wolf contends that Mecom, Jr., is liable on the note as a matter of law under Section 3.403 of Tex. Bus. & Comm.Code. His contention is based on the premise that when there exist two principals with identical names and the note does not indicate the one intended to be named, that is equivalent to naming no principal. This is a case of first impression.

Tex.Bus. & Comm.Code, Section 3.403 states:

(a) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

(b) An authorized representative who signs his own name to an instrument

(1) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(2) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(c) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.

Wolf urges that section 3.403(b)(2) should be interpreted in its broadest sense in order to sustain his contention that the note in effect does not name a principal. Section 3.403(c) must also be considered in interpreting section 3.403(b)(2). When the two are considered together we find that the drafters of the code anticipated the present situation when they provided:

(c) . . . the name of an organization preceded or followed by the name of an authorized individual is a signature made in a representative capacity.

■ Therefore, even though there is ambiguity or confusion as to the actual identity of the principal, if the note contains the name of an organization followed by the name of an authorized individual, plus his office, there is a prima facie showing that the individual signed in a representative capacity, and is thus not personally liable on the note.

■ This brings us to the question of whether Mecom, Jr., was authorized to sign the note in question. He was president of both Little John Corporations. He and his two sisters were the only directors of both

corporations. A resolution of the board of directors of Little John Corporation (without indicating which one) authorizing Mecom, Jr., to execute the note in question was executed by all three directors. In a separate memorandum Wolf acknowledged reading the resolution which stated that consideration to Little John Corporation for the note was credit to the corporation on a debt it owed to Mecom, Sr. This resolution and the memorandum executed by Wolf were placed in the records of Little John Corporation (Liberia). This is evidence that Mecom, Jr., was authorized to sign the note as president of Little John Corporation (Liberia). Mecom, Jr.'s lack of authority was an independent ground of recovery for Wolf. As such, Wolf had the burden of proving that Mecom, Jr., was not authorized to sign the note. No such issue was requested by Wolf and was therefore waived. Rule 279, T.R.C.P.; *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 134 Tex. 360, 135 S.W.2d 79 (1940); *Grant v. Marshall*, 154 Tex. 531, 280 S.W.2d 559 (1955).

The first three points of error are overruled.

■ By his point of error number four Wolf contends that Mecom, Jr., had the burden of affirmatively pleading and proving that he was not individually liable on the note. Wolf cites *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974), and *Griffin v. Ellinger*, 530 S.W.2d 329 (Tex.Civ.App.-Austin, 1975) aff'd 538 S.W.2d 97 (Tex.1976), as authorities. Those cases are distinguishable from the present one.

In *Seale v. Nichols* the note was signed

The Fashion Beauty Salon

Carl V. Nichols (typewritten)

Carl V. Nichols (handwritten)

The note thus did not comply with section 3.403 Tex.Bus. & Comm.Code in that the office of Carl V. Nichols was not shown. The court held that to defeat personal liability Nichols was required to plead and prove that he signed in a representative capacity, and that he made that fact known to the payee at the time of signing.

In *Griffin v. Ellinger, supra*, the drafts in question were imprinted with the name of the corporation. Griffin signed the drafts on the regular signature line with no indication that he was signing other than as an individual. There were no words such as "By" or the name of an office as part of the signature. The supreme court stated: "an examination of the drafts does not show *prima facie* that appellant signed them in a representative capacity". Appellant in that situation was thus charged with the burden of pleading and proving that the parties "otherwise established" that he was signing in a representative capacity. The note in the present case bears the name "Little John Corporation By John W. Mecom, Jr., President". It shows prima facie that Mecom, Jr. signed in a representative capacity; it was thus Wolf's burden to prove otherwise. The fourth point is overruled.

## ALTER EGO

Wolf's points of error number . five through seven contend that the jury's failure to find that the two Little John corporations were the alter ego of Mecom, Sr., and Mecom, Jr., were against the great weight and preponderance of the evidence.

Mecom, Sr., owned 100% of the stock of the Delaware corporation. The Delaware corporation owned 100% of the stock of the Liberia corporation. Neither corporation had a bank account or any regular employees. Neither corporation was intended to make a profit. All expenses of the corporation were paid from the personal account of Mecom, Sr. Financial records were kept of the accounts due Mecom, Sr., for monies advanced the corporations and the accounts due the corporations for work performed by Mecom, Sr. Records, including minutes of director's meetings, were kept for the corporations. All records were kept at Mecom, Sr.'s office on West Gray Street, Houston, Texas. All record keeping was done by employees of Mecom, Sr., individually, or other corporations owned by him.

■■ Courts will not disregard the corporate fiction and hold individual officers, directors or stockholders personally liable

on the obligations of a corporation unless it appears that the individuals are using the corporate entity as a conduit for violation of important principles of public policy. *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340 (1955). Generally, the corporate form will be disregarded (1) where the corporation is used as a means for perpetuating a fraud; (2) where the corporation is organized and operating as a mere "tool" or "business conduit" of another corporation; (3) where resort is made to the corporate fiction in order to avoid an existing legal obligation; (4) where the corporate form is used to achieve or perpetuate a monopoly; (5) where the corporate structure is used as a vehicle for circumventing a statute; or (6) where the fiction is invoked in order to protect crime or justify a wrong. *Sutton v. Reagan & Gee*, 405 S.W.2d 828 (Tex.Civ.App.-San Antonio 1966, writ ref'd n.r.e.); *Pacific American Gasoline Co. of Texas v. Miller*, 76 S.W.2d 833 (Tex.Civ. App.-Amarillo 1934, writ ref'd n.r.e.).

Those acts or misuses which will cause the court to "pierce the corporate veil" include the commencement of business without the issuance of shares, a lack of shareholder or directors meetings, failure to sign consents, decisions being made by shareholders as if they were partners, failure to distinguish between corporate property and personal property, use of corporate funds to pay personal expense without requisite proper accounting; or failure to maintain complete corporate and financial records. Hamilton, Business Organizations, Volume 19, Texas Practice, Section 234, pages 232, 233.

■ In the instant case requisite shareholders and directors meetings were held and records of same properly kept; shares were issued; property of the corporation was distinguished; records were kept of funds advanced to the corporation by Mecom, Sr., and amount due the corporation from Mecom, Sr., as a result of services performed for his benefit. This constituted evidence that the corporation was not the alter ego of Mecom, Sr., or Mecom, Jr. The jury answered these issues contrary to

Wolf. The evidence was factually sufficient to support those answers. Points of error five through nine are overruled.

The judgment of the trial court is affirmed.