In re Carl & Nila **MATTHES**, Debtors.

Bankruptcy No. 80–02095–H1–3.

United States Bankruptcy Court, S. D. Texas, Houston Division.

Sept. 20, 1982.

Gary Knostman, Fulton Beach, Tex., Trustee.

John O. Brentin, Chester E. Darnell, Houston, Tex., for debtors.

Morse.

---

**7.** The Court emphasizes that this decision does not determine the property rights of Barbara

Percy L. Isgitt, Houston, Tex., for claimant.

Memorandum Opinion on Objection
to Claim

EDWARD H. PATTON, Jr., Bankruptcy Judge.

The matter before the court is an objection by the debtors, Carl and Nila Matthes, to a claim filed by Robert M. Cummings in the Matthes' Chapter 13 bankruptcy proceeding. The basis of the claim is damages which flowed directly from defective remodeling performed by All Suburban Building, Inc., a corporation which was solely owned by the debtors at all time pertinent to the decision herein.

The debtors' main contention is that, despite the fact that Mr. Cummings brings his suit under the Texas Deceptive Trade Practices Act (DTPA), they are not personally liable for such damages for the reason that they had no contract or agreement with Mr. Cummings concerning the remodeling. On the contrary the contract was between Mr. Cummings and All Suburban Building, Inc., a corporation.

On June 15, 1982 the court took evidence in this matter and made partial findings of fact as follows:

There were two separate items for which damages could be recovered. First, there had been an agreement between Mr. Cummings and Mr. Matthes acting as agent for All Suburban Building, Inc. that no concrete trucks would be allowed on the driveway but rather the concrete would be transported by wheelbarrow to the back of the house for use in constructing the patio. A concrete truck did back onto the driveway and did cause some cracking and breaking up of the driveway from which damages did flow. The second item was the defective slope and/or lack of proper drainage in the patio which resulted in water failing to drain properly during a moderate to heavy rainfall.

The court further found that there had been no false, misleading, deceptive or unconscionable acts as enumerated in Tex.Bus. & Com.Code Ann. §§ 17.46(b), 17.45 (Vernon Supp.1982) but that Mr. Cummings claim was actionable under Tex.Bus. & Com.Code Ann. § 17.50(a)(2) (Vernon Supp. 1982) as a breach of express or implied warranty.

The court reserved two issues for disposition after the receipt of post-trial briefs. One of the issues reserved involved the method of determining the damages incurred by the cracking of the driveway and need not be addressed until the resolution of the major issue remaining which is whether Mr. Matthes can be held personally liable for damages flowing from construction work performed under a contract when he was not individually a party to the contract but acted only as an agent of the corporation which was a party to the contract. It is true that Mr. Matthes may have been the person whose conduct resulted in damages to Cummings, but there is no credible evidence that he was acting in any capacity other than as a representative of the corporation with whom Cummings contracted.

Mr. Cummings contends that Mr. Matthes is liable for the damages he incurred because it is not necessary for privity to be established. To support this contention he cites the cases of *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981) and *Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77 (Tex.1977).

. The *Nobility* case cited by Mr. Cummings is not a case under the DTPA but rather sounds in tort as a products liability action. As such it is not analogous to the case at bar which is being tried as a case based solely on the DTPA.

The *Cameron* case involved a suit brought by a couple, Jerry and Jo Ann Cameron, who purchased a home from a realtor who located the house for them through a Multiple Listing Service Guide (MLS). The realtor who had listed the home with MLS was Terrell & Garrett, Inc. The MLS listing furnished by Terrell & Garrett, Inc. misquoted the number of square feet the home contained and the Camerons alleged they had relied on the listing and had paid more

than they otherwise would have had the listing been correct. Therefore, the Camerons brought a DTPA suit against Terrell & Garrett, Inc. seeking treble damages. The trial court rendered a take-nothing verdict against the Camerons and the court of civil appeals affirmed on the basis that the Camerons could not bring a private lawsuit under the DTPA because they were not consumers as defined in section 17.45(4) of the DTPA because no services or goods were sought or acquired from Terrell & Garrett, Inc. The Supreme Court reversed the judgments below and rendered judgment for the Camerons after holding that a person need not seek or acquire goods or services furnished by the defendant in a suit brought under the DTPA. The basis of the Supreme Court's holding is the language in section 17.50(a)(1) of the DTPA which states that a consumer can bring suit if he has been adversely affected by "the use or employment by *any person* of an act or practice declared to be unlawful in section 17.46." In the present case Mr. Matthes and/or All Suburban Building, Inc. have been found to be liable under section 17.-50(a)(2) for breach of warranty and not under section 17.50(a)(1) as in the *Cameron* case. The *Cameron* case cannot be said to stand for the premise that privity is not necessary where absent a finding of fraud, the liability arises from a breach of warranty rather than from the commission of a deceptive trade practice or act.

■ Furthermore in *Cameron* the plaintiff had privity with a party that was in no way related to the corporation that was ultimately liable to the Camerons. In the present case Mr. Matthes was an employee of the contracting corporation and was at all times pertinent hereto acting in his capacity as employee/agent of All Suburban Building, Inc. The *Cameron* case does not hold that each employee of a contracting party is individually liable so long as they act within the scope of authority as employees of the contracting party. It is true that All Suburban Building, Inc. was a corporation solely owned and operated by the debtors. Therefore, in order to hold Mr. Matthes liable under section 17.50(a)(2) of

the DTPA the corporate veil would have to be pierced.

■ It is clear under Texas law that the corporate fiction will not be disregarded and the individual officers, directors or stockholders held personally liable unless it is apparent that such individuals are using the corporate form as a conduit for violation of important principles of public policy. *Wolf v. Little John Corporation of Liberia,* 585 S.W.2d 774, 778 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.).

Generally the corporate form will be disregarded (1) where the corporation is used as a means for perpetrating a fraud; (2) where the corporation is organized and operating as a mere "tool" or "business conduit" of another corporation; (3) where resort is made to the corporate fiction in order to avoid an existing legal obligation; (4) where the corporate form is used to achieve or perpetuate a monopoly; (5) where the corporate structure is used as a vehicle for circumventing a statute; or (6) where the fiction is invoked in order to protect crime or justify a wrong. *Id.* at 778.

■ In the present case there is nothing in any of the pleadings and no evidence before the court that would allow the piercing of the corporate veil of All Suburban Building, Inc. to hold Mr. Matthes personally liable for the breach of warranties in the construction work performed on Mr. Cummings residence. Therefore, the objection by the debtors to the claim filed by Robert M. Cummings will be sustained and the claim filed by Mr. Cummings will be disallowed. This resolution of the liability issue makes it unnecessary to consider the damage issue.

An order consistent with this opinion will be entered this date.