**Arno LACHMANN, Appellant,**

v.

**HOUSTON CHRONICLE PUBLISHING COMPANY, Appellee.**

**No. 11158.**

Court of Civil Appeals of Texas.

Austin.

Feb. 12, 1964.

Rehearing Denied March 4, 1964.

Harold Kahn, Houston, for appellant.

Liddell, Austin, Dawson & Sapp, W. Robert Brown, Larry M. Lesh, Houston, for appellee.

ARCHER, Chief Justice.

On August 19, 1954, the Houston Chronicle Publishing Company, as publisher, entered into a written contract with Artcraft

Mattress Company, as advertiser, the acceptance by Artcraft Mattress Company reflecting the following signature: "Company: Artcraft Mattress Company, By: Albert Bentch." The contract provided that during the year beginning August 26, 1954, and ending August 25, 1955, advertiser agreed to order and use not less than 5,000 lines of advertising in the Houston Chronicle, the newspaper published by the Houston Chronicle Publishing Company, at 34¢ per line, and publisher agreed to publish such advertising. Pursuant to this contract, the Houston Chronicle Publishing Company published display advertising during the period from March 2, 1955 to July 31, 1955.

On August 4, 1955, the Houston Chronicle Publishing Company, as publisher, entered into a similar written contract with Artcraft Mattress Company and House of Unpainted Furniture, as advertiser, the contract bearing the following signature: "Company: Artcraft Mattress Company and House of Unpainted Furniture, By: Arno Lachmann." The provisions of the contract were identical with those of the contract dated August 19, 1954, with the exception that advertiser agreed to order and use not less than 5,000 lines of advertising in the Houston Chronicle at 35 ⅓¢ per line for the period beginning August 26, 1955, and ending August 25, 1956. The Houston Chronicle Publishing Company published in its newspaper display advertising from August 5, 1955 to June 21, 1956 and classified advertising from September 2, 1955 to February 14, 1956, pursuant to the contract.

On April 6, 1959, the Houston Chronicle Publishing Company instituted suit against Lillian Bentch Wagman and Arno Lachmann for the unpaid balance due on both contracts. On February 5, 1963, trial was held without a jury. The parties stipulated at the trial that neither Artcraft Mattress Company nor House of Unpainted Furniture was a corporate entity at any time material to the controversy. On February 11, 1963, appellant, Arno Lachmann, filed

with the trial court his Motion for Judgment which was denied. On April 2, 1963, the trial court rendered judgment for plaintiff in accordance with its findings at the trial of the cause.

The appeal is predicated on four points, and are to the effect that the Court erred in holding appellant personally liable, because there was no evidence that the contract was signed as a personal and individual obligation, but the evidence showed that appellant signed the contract as an agent for Household Manufacturing Company, Inc., a corporation, and in failing to file findings of fact and conclusions of law.

Appellee's Counterpoint No. 1 is that because appellant failed to disclose to appellee at any time the fact that he was signing in the capacity of an agent or the identity of his true principal, he became personally liable.

It was stipulated that Artcraft Mattress Company and House of Unpainted Furniture were not corporate entities, but were trade names under which a corporation known as Household Manufacturing Company, Inc., did business, which corporate name does not appear in the contracts or in the advertising.

Appellant takes the position that since there is no evidence that he signed the contract as a personal obligation, he was not personally liable and cites Martin v. Hemphill, Com.App., 237 S.W. 550 as authority. In the Hemphill case the Court held that parol evidence was admissible to prove the composition of a firm doing business under the trade name of "McDonald Brothers" in order to ascertain whether Martin, who had signed a written contract "McDonald Brothers, by: T. W. Martin," had standing to institute suit on the contract.

It is appellee's position that irrespective of the capacity in which appellant signed the contract, he failed to disclose to appellee sufficient information with respect either

to the fact of agency or the identity of appellant's principal to relieve him of personal liability on the contract, and cites Mahoney v. Pitman, Tex.Civ.App., 43 S.W. 2d 143, er. ref.

"It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of the principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another." See also 2 Tex.Jur.2d, Agency, § 210 and authorities there cited.

We believe that the above is the correct rule and that it was the duty of appellant to disclose to appellee not only that he was acting in a representative capacity, but also the identity of his principal.

The contract, as signed did not disclose to appellee that the contract was signed in a representative capacity. Dorman v. Boehringer, Tex.Civ.App., 195 S.W. 669.

In Boyles v. McClure et al., Tex.Com. App., 243 S.W. 1080, the Court stated:

"It is true he purported to act only as agent in contracting for transportation * * * but the rule is well settled in this state that an agent makes himself liable if he contracts in his own name without disclosing the name of his principal, although the person contracting with him knew at the time that he was acting as agent only." Express Publishing Company v. Levenson, Tex. Civ.App., 292 S.W.2d 357, writ dism.

Appellant cites Rabinowitz v. Zell, Sup., 191 N.Y.S. 720 as authority that in so signing the contract involved herein that there was a sufficient disclosure of agency or principal to protect appellant against personal liability.

This case stands alone, and according to the annotation in 150 A.L.R. 1303, the majority of cases hold that the use of a trade name is not a sufficient disclosure of the identity of the principal and of the fact of agency.

Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 118 N.W.2d 565 is the most recent case in point.

The law does not presume agency. Tarver, Steele & Co., Inc. v. Pendleton Gin Co., Tex.Civ.App., 25 S.W.2d 156. 2 Tex. Jur.2d Agency, Sec. 248.

The Court did not err in refusing to file findings of fact and conclusions of law because appellant's request was not timely filed, and appellant has not shown any prejudicial harm.

Final judgment was rendered on April 2, 1963. On April 17, 1963, 15 days after rendition of judgment, the request was filed.

Rule 296, Texas Rules of Civil Procedure, amended effective September 1, 1957, now reads in part:

"Upon a trial by the court, the judge shall, at the request of either party, which request shall be filed within ten days from rendition of final judgment or order overruling motion for new trial, state in writing the conclusions of fact found by him separately from the conclusions of law. Notice of the filing of the request shall be served on the opposite party as provided in Rules 21a or 21b."

It is therefore apparent that appellant did not comply with Rule 296.

In Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117, the Court stated:

"In spite of the above rules, a failure of a trial court to prepare and file findings of fact or conclusions of law under Rule 296, or additional or amended findings of fact or conclusions of law under Rule 298, will not call for a reversal of the trial court's judgment,

if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises."

The judgment of the Trial Court is affirmed.

Affirmed.