Henry L. SEALE, d/b/a Seale Enterprises, Petitioner,

v.

Carl V. NICHOLS, d/b/a the Fashion Beauty Salon, Respondent.

No. B–3999.

Supreme Court of Texas.

Feb. 6, 1974.

Irion, Cain, Magee & Davis, M. R. Irion, Dallas, for petitioner.

Hunter & Greenfield, Bill C. Hunter and Timothy J. Vineyard, Dallas, for respondent.

GREENHILL, Chief Justice.

This action was brought by Henry L. Seale, d/b/a Seale Enterprises, for recovery on a promissory note made payable to him by the defendant Carl V. Nichols, d/b/a The Fashion Beauty Salon. Plaintiff's motion for summary judgment on the note was granted by the trial court. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. It held that defendant Nichols' summary judgment proof raised a fact issue requiring a trial on the merits. 493 S. W.2d 589. We reverse the Court of Civil Appeals and affirm the trial court's judgment for the plaintiff Seale.

The promissory note in question is on a printed form and begins, "I, we or either of us, promise to pay [to Seale]." It is signed as follows:

THE FASHION BEAUTY SALON

Carl V. Nichols (typewritten)

Carl V. Nichols (handwritten)

Seale filed suit against Carl V. Nichols, individually, and doing business as THE FASHION BEAUTY SALON, for recovery of the balance owed on the note. Nichols answered, saying that THE FASHION BEAUTY SALON had been the assumed name of Mr. Carl's Fashion, Inc., a Texas corporation now defunct, and that he had signed the promissory note in his capacity as president of the corporation, not in his individual capacity.

Plaintiff Seale then filed a motion for summary judgment supported by a sworn copy of the note and his affidavit in which he stated that he was the present owner and holder of the note; that it was in default; and that there was an unpaid balance of a particular amount.

In response, defendant Nichols filed the following affidavit:

"My name is Carl V. Nichols, and I served as President of Mr. Carl's Fashion, Inc., a Texas corporation, doing business as the Fashion Beauty Salon at 2115 Sherry Lane, Dallas, Texas, from the date of its incorporation, January 14, 1960, and I signed the promissory note attached to Plaintiff's Original Petition marked Exhibit 'A' in the capacity of officer of such corporation and in behalf of such corporation and not in my personal capacity."

It has been the contention of Nichols throughout that he was not obligated on the note because he signed as a representative of the corporation and not as an individual. Seale has responded that the signature on the note was unambiguous and that extrinsic evidence was not admissible to show this alleged representative capacity. Seale also points out that (1) the note does not show that Nichols signed in a representative capacity; i. e., the word "by," or other similar word, does not appear before his signature under the name of The Fashion Beauty Salon; and (2) the name of the "person represented" by Nichols is not shown in the note; i. e., the "person" Nichols says is "represented" is a corporation, Mr. Carl's Fashion, Inc. That name does not appear in the note. The "person" shown as "represented" in the note is The Fashion Beauty Salon, which turns out to be an assumed name.

Consequently, much of the controversy before this court has centered on the applicability of provisions of the Texas Business and Commerce Code,[1] particularly Section 3.403(b)(2), V.T.C.A. Section 3.-403 reads:

"(a) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

(b) An authorized representative who signs his own name to an instrument

(1) is personally obligated if the instrument neither names the *person represented* nor shows that the representative *signed in a representative capacity*;

(2) *except as otherwise established between the immediate parties*, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity. [emphasis ours]

(c) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."

Nichols asserts that his signature comes within the meaning of subsection (b)(2) in that the person he represented *was* named (though with an assumed name), but the note did not expressly show his representative capacity. He contends that this subsection, therefore, entitles him to prove his representative capacity by parol evidence.

We find it unnecessary to decide these problems because we have concluded that the summary judgment affidavit of Nichols is insufficient to raise a fact issue

---

1. References herein are to Vernon's Texas Codes Annotated, Business and Commerce Section 3.403 et seq. Similarly, the Texas Rules of Civil Procedure are carried as Vernon's Texas Rules of Civil Procedure Annotated.

upon the affirmative defense of representation on which Nichols relies. Under the authorities set out below, the summary judgment proof offered by Nichols is insufficient to defeat the motion for summary judgment of Seale; i. e., Nichols has no summary judgment "proof" which would entitle him, as an individual, to come within the exceptions to personal liability set out in the Business and Commerce Code.

As we interpret the code, a person signing a promissory note is presumed to be personally obligated to the holder thereof unless he, as the maker, interposes a defense sufficient to relieve himself of the obligation. Business and Commerce Code, § 3.307(b); Anderson v. The Industrial State Bank of Houston, 478 S.W.2d 215 (Tex.Civ.App.—Houston 1972, writ ref. n. r. e.). Nichols has admitted in his pleadings the execution of the note and his signature. Consequently, Seale, without more, was entitled to a summary judgment upon the basis of his summary judgment proof unless a defense was raised.

Nichols' asserted defense is that he signed the note, not as an individual, but as a representative of Mr. Carl's Fashion, Inc. This defense is one of avoidance as it does not attempt to negative a necessary element of Seale's cause of action. Alexander v. Houston Oil Field Material Co., 386 S.W.2d 540 (Tex.Civ.App.—Tyler 1965, writ ref. n. r. e.). Defenses in avoidance are expressly made affirmative defenses by Texas Rule of Civil Procedure 94.

In a summary judgment proceeding, the necessity of supporting a non-movant's affirmative defense by proof raising a fact issue is well established in Texas. Mere pleading of the defense is not sufficient to withstand a properly evidenced motion for summary judgment. Hudnall v. Tyler Bank and Trust Co., 458 S.W.2d 183 (Tex.1970). Thus in Gulf, Colorado and Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1959), this court stated:

"Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense."

Consequently, in order for Nichols to avoid a summary judgment for Seale, his affidavit must have presented evidence raising a fact issue on the elements necessary to his affirmative defense.

Section 3.403, above set out, provides the circumstances under which personal liability may be avoided. It follows that this section would also provide the circumstances in which parol evidence will be admissible to show the fact of the execution of the note in a representative capacity. The code, however, does not spell out the type of parol evidence necessary to raise this defense.

Section (2) of subsection (b) Article 3.403 says that "except as otherwise established" between the parties, the person (the maker here) "is personally obligated. . . . ." And Section (c) of the same article beings, "Except as otherwise established . . . ." It might well be contended that to avoid personal responsibility under Section (2) above, the person resisting a summary judgment should be required to come forward with summary judgment proof of facts which would "otherwise establish" his representative capacity, such as prior dealings of the parties, or some understanding between both parties to the instrument. The summary judgment proof of the maker Nichols here is only that *he* intended to sign, and did sign, in a representative capacity. He does not suggest, in his affidavit, that it was "understood between the parties," or "it was agreed between the parties," or that prior dealings between the parties established "circumstances other-

wise." Neither does his affidavit say that he disclosed his representative capacity to Seale. If an agent discloses his representative capacity of the payce of the note, and the payee then accepts the note, it is our opinion that this might be sufficient summary judgment proof to raise an issue of fact to "otherwise establish" his representative capacity and defeat the payee's motion for summary judgment. If the holder of the note then desires to negative any "circumstances otherwise," he could bring forward such proof.

 The Business and Commerce Code does not speak to these matters; and in such event, the prior Texas law should be applied. Texas law provides that in order for an agent to avoid liability for his signature on a contract, he must *disclose* his intent to sign as a representative to the other contracting party. Uncommunicated intent will not suffice. Heinrichs v. Evins Personnel Consultants, Inc., No. One, 486 S.W.2d 935 (Tex.1972); Mahoney v. Pitman, 43 S.W.2d 143 (Tex.Civ.App.—Amarillo 1931, writ. ref.).

 Again viewing Nichols' affidavit broadly, it states that he signed the note as president of the corporation, thus clearly indicating his subjective intent to sign as an agent. However, nowhere does Nichols say that he disclosed his intent to Seale. Nor does his statement that ". . . I signed the promissory note . . . in the capacity of officer of such corporation and in behalf of such corporation and not in my personal capacity," intimate that this intended capacity was communicated to Seale. This is his burden in the context of the summary judgment proceedings. Consequently, Nichols has not effectively raised a fact issue upon his alleged affirmative defense of representation and Seale's motion for summary judgment must be granted.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.