Dean **JOYNER** et al., Appellants,

v.

**ALBAN GROUP, INC.**, Appellee.

No. 16719.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 15, 1976.

Ross, Banks, May, Cron & Cavin, Daniel H. Johnston, Jr., J. Timothy Sisk, Houston, for appellants.

Philip A. Donisi, Howard A. Lang, Jr., Houston, for appellee.

EVANS, Justice.

Alban Group, Inc. brought this action on sworn account against Dean Joyner and Haversack Wine Company for certain design and art work performed on behalf of Haversack Wine Company. After a non-jury trial, the trial court rendered judgment against both defendants for the amount of the account in the sum of $12,-720.37 plus interest, attorney's fees and costs. Both defendants have appealed.

It is first contended that the evidence does not support the judgment in favor of Alban Group, Inc. because the testimony of Johnny Alban, president of Alban Group, Inc., suggests that the company was a sole proprietorship during part of its dealings with Haversack Wine Company.

The invoices forming the basis for the account are captioned "Alban Group, Inc." and bear dates which begin in May 1974 and end in December of that year. The testimony of Johnny Alban indicates that the company was incorporated in November 1974 and that prior to that time the business was operated as a sole proprietorship.

The plaintiff's petition is verified by an affidavit executed by Johnny Alban, as president of Alban Group, Inc., which represents that Alban Group, Inc. is the owner of the account upon which the suit is based. In response to request for written admissions, Haversack admitted that the items forming the basis for the account had been sold to it by Alban Group, Inc. This constitutes a judicial admission conclusively binding upon Haversack, notwithstanding that a formal tender of the admission was not made during trial. McDonald, Texas Civil Practice, Vol. 2, Sec. 10.08, pp. 558–559. Although Alban's testimony indicates that a substantial portion of the work was performed prior to the date of the formal incorporation of Alban Group, Inc., the evidence supports the trial court's finding that the cause of action belonged to the Alban Group, Inc. See *Boca Chica Hardware Co. v. AG–Spray Supply Company*, 479 S.W.2d 107, 109 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.).

It is next contended that the trial court's judgment against Dean Joyner is not authorized by the pleadings or supported by the evidence.

Although the plaintiff's petition designates Dean Joyner and Haversack Wine Company as a singular "defendant," no exceptions were filed on behalf of either defendant. Haversack Wine Company and Dean Joyner each filed separate answers to the petition, and Joyner specifically denied that he had done business with the plaintiff as an individual, claiming that he was an officer of Haversack Wine Company and that any indebtedness was the debt of that corporation. The face of the record shows that Joyner was fully aware that he was being sued on the account in his individual capacity.

The question then is whether the evidence supports the trial court's judgment against Joyner. This court holds that it does not.

Haversack Wine Company was incorporated in Texas on February 19, 1974. The plaintiff's president, Mr. Johnny Alban, testified that he was first contacted by Mr. Joyner in March or April 1974 to design the label or "corporate image" for Haversack Wine Company. Alban testified that when he first started doing the work he assumed he was dealing only with Joyner, but that he never made any inquiry to determine whether or not the Haversack Wine Company was incorporated.

The use of the word "company" in a business name is sufficient to charge a person dealing with the business with notice that it may be incorporated. *Staacke v. Routledge*, 111 Tex. 489, 241 S.W. 994, 999 (1922). See also *Johnson v. Armstrong*, 83 Tex. 325, 18 S.W. 594 (1892). There is no question that Alban knew he was performing the work for Haversack Wine Company and he thus was placed upon inquiry of its corporate status. This court finds no evidence to support the trial court's finding that Joyner held himself out to Alban as doing business as a proprietorship.

The judgment against Haversack Wine Company is affirmed. The judgment against Dean Joyner is reversed and rendered.

Costs of appeal and in the court below are taxed one-half against Alban Group, Inc. and one-half against Haversack Wine Company.