Jerome M. ANTIL, Appellant,

v.

SOUTHWEST ENVELOPE
COMPANY, Appellee.

No. 8366.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 13, 1979.

Phillip W. Gilbert, Dallas, for appellant.

William Radford, Thomas H. Owen, Jr., Dallas, for appellee.

KEITH, Justice.

This appeal is from a summary judgment entered in a suit wherein plaintiff, Southwest Envelope Company, originally sued only a private corporation, Rotary Envelope and Form Company, for debt. By a second amended original petition filed several months after the institution of the suit, Antil was made a party defendant. Plaintiff continued to maintain its claim against the corporate defendant seeking in excess of thirty thousand dollars. For the first time, it alleged that Antil and Evelyn Branch had signed a check payable to the order of plaintiff in the sum of $18,000 which was returned by the bank marked "NSF".

The photocopy of the check attached to the amended petition shows that it was upon a printed form with the words "RO-TARY ENVELOPE COMPANY" prominently displayed in the upper left corner of the instrument, along with a street address and telephone number.

The signatures of Antil and Branch were affixed to the check and there were no designations of agency or of the capacity in which the individuals signed the check. Both Antil and plaintiff moved for summary judgment with affidavits attached. Antil swore to a conclusion saying that it "was signed by me in my representative capacity as an agent of Rotary Envelope and Form Company."

More importantly, however, his affidavit contained this language:

" 'Prior to the time I signed said check, I had discussed this payment to Southwest Envelope Company, with an officer of Southwest Envelope Company named Bob Alton. Mr. Alton was told by me that I was President of Rotary Envelope and Form Company, prior to the time I

signed the $18,000 check in question. I also told Mr. Alton that Rotary Envelope and Form Company would be sending its check for $18,000 as an advance payment against an order of envelopes made by Rotary Envelope and Form Company. I did not tell him that I would sign that check in my individual capacity. The check in question was sent to Southwest Envelope Company pursuant to that agreement.

" 'Prior to signing the $18,000 check in question, I had done business with Southwest Envelope Company for several months, and in doing so, I had placed orders in the corporate name of Rotary Envelope Company; and Southwest had invoiced those orders in that corporate name, and never in my individual name.' "

On the other hand, Robert David Alton, sales manager of Southwest Envelope, plaintiff, swore that he "had a working relationship with Jerome M. Antil", and continued:

" 'Throughout the entire time, I was never informed that Rotary Envelope and Form Company was a corporation. At all times, I looked to the persons with whom I was dealing for the payment of services and merchandise.' "

The two motions for summary judgment were supported by competent summary judgment evidence, namely, affidavits of witnesses who swore to facts within their knowledge. Thus, all of the requirements of *Tex.R.Civ.P. 166–A*, as amended effective January 1, 1978, were met and complied with. See *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), not yet reported except in 23 Tex.Sup.Ct.J. 7 (October 3, 1979).

There are two recent cases by our Supreme Court which control the disposition of this cause. The first, *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974), involved a summary judgment where the suit was based upon a promissory note signed by the defendant without indicating his representative capacity. Chief Justice Greenhill discussed the deficiencies in defendant's affi-

davit, noting particularly that he did not "intimate that this intended capacity was communicated to Seale." (505 S.W.2d at 255) It is apparent that Antil's counsel was familiar with *Seale v. Nichols* at the time he prepared Antil's affidavit.

The later case is *Griffin v. Ellinger*, 538 S.W.2d 97 (Tex.1976), involving a check but the appeal was from a conventional bench trial, not a summary judgment proceeding. Justice Doughty noted particularly that there was "some evidence that Ellinger was not aware of Griffin's representative capacity when he received the checks in payment for his work." (538 S.W.2d at 101) The trier of the fact having determined the issue adversely to Ellinger, the Supreme Court properly refused to disturb that finding. We are not operating under such a rule of procedure in this case.

■ Antil's affidavit supported his verified pleading of an affirmative defense, but it was a statement by an interested witness and did no more than raise a fact issue. He did not conclusively establish his right to a summary judgment in his favor. See, *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). See also, "Summary Judgment in Texas: A Selective Survey", *14 Houston L.Rev. 854, 872 (1977)*.

■ But, by the same token Antil's affidavit raised a fact issue for determination by the trial court in a conventional trial, the affidavit of plaintiff's sales manager did no more than raise a fact issue. Thus, defendant Antil discharged his burden of showing the existence of a fact issue precluding the grant of a summary judgment. See *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978), and authorities therein cited.

The trial court erred in rendering summary judgment in favor of plaintiff against the defendant Antil. However, only Antil has perfected an appeal and we now sever the cause as to Antil from that involving Rotary Envelope. As to Rotary Envelope, the judgment of the trial court is not disturbed; as to Antil, we now reverse the

judgment of the trial court and remand the cause for trial on the merits.

Reversed and Remanded.