**Ronald R. BYRD, Appellant,**

v.

**SOUTHWEST MULTI–COPY, INC.,
d/b/a Southwest Quality
Printers, Appellee.**

**No. A14–85–052–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 30, 1985.
Rehearing Denied June 27, 1985.

Edward J. Wallison Jr., Chamberlain, Hrdlicka, White, Johnson, Houston, for appellant.

Charlotte Peterson, Oliver, Stumpf, Falgout & Guynes, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Ronald R. Byrd appeals a summary judgment granted in favor of Southwest Multi-Copy, Inc., in a suit on a non-negotiable note. Byrd attempted to avoid personal liability on the note by claiming that it was a corporate obligation of Byrd International-, Inc., and that he signed it only in his representative capacity as president of the corporation. The only issue on appeal is whether Byrd provided the trial court with competent summary judgment proof to raise an issue of fact regarding his affirmative defense.

The note in question is set out below except for a partially illegible handwritten sentence inserted just above the last paragraph. The handwritten portion has no bearing on the issue before us.

As agreed to this date, October 8, 1981, by Ronald Byrd, Sunnye Martin and Becky Walker, the total debt owed to Southwest Quality Printers by Byrd International, Inc., in the amount of $4,897.28 for printed material supplied by Southwest is to be paid as follows.

$1,000.00 to be paid today by the Houston office followed immediately by a check from the Dallas office in the amount of $526.61.

The Houston office will then pay with interest (1½% month) on the unpaid balance as follows:

November 20, 1981, $500.00 plus $71.48 interest

December 20, 1981, $500.00 plus $43.06 interest

January 20, 1982, $1,000.00 plus $35.56 interest

February 20, 1982, $1,370.67 plus $20.56 interest

I agree to make these payments on time and include the interest stated above and to pay additional principal plus interest due as the funds become available.

/s/ Ronald R. Byrd
Ronald R. Byrd

In response to the motion for summary judgment Byrd provided an affidavit that incorporates the note as an exhibit and states:

3. On October 8, 1981, I was President of Byrd International, Incorporated. At all times relevant to the execution of the instrument attached hereto as Exhibit "A", it was intended by myself, SunnYe (sic) Martin and Beckie

(sic) Walker that the debt created by the instrument was to be the obligation of Byrd International, Incorporated, and that I was executing the instrument solely in my representative capacity as president of that corporation.

We recognize that this is not a negotiable instrument and the UCC, particularly Section 3.403, is not directly applicable. However, it seems that the general scheme of Sec. 3.403 follows the common law as applied to negotiable and non-negotiable instruments. *See* Tex.Bus. & Com. Code Ann. § 3.403 (Tex.UCC) (Vernon 1968). For example, in *Southern Badge Co. v. Smith*, 141 S.W. 185, 187–88 (Tex. Civ.App.—Dallas 1911, writ ref'd), the court stated:

> It is well established that, if the instrument sued on clearly shows on its face that it is the obligation of the person who signed it, "parol evidence will not be received to exempt him from liability, on the ground that he meant to bind only his principal." If, however, "the suggestions furnished by the instrument render it ambiguous, so that it is uncertain whether it was intended to bind the principal or the agent, or both, parol evidence of the circumstances attending its execution is admissible to show the real understanding." (citations omitted).

*See also Marx v. Luling Co-op Association*, 17 Tex.Civ.App. 408, 43 S.W. 596, 600 (1897, writ ref'd).

We find the instrument to be ambiguous in that it discloses the principal but does not disclose in what capacity Byrd signed. Particularly, the note acknowledges a debt owed by Byrd International, Inc., and arranges for partial payment of the debt by two "offices," presumably corporate offices. However, the instrument also recites that Ronald Byrd is making the agreement and includes the phrase "I agree to make these payments." The signature is not followed or preceded by any designation of corporate office or other indication of representative capacity.

Appellant argues that this ambiguity alone raises a question of fact as to Byrd's defense. We disagree. The ambiguity does provide appellant with the opportunity to present parol evidence as to the understanding of the parties, but he must still submit some summary judgment proof to establish an issue of fact as to the substance of that understanding.

In *Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex.1974), the supreme court held that when a defendant asserts he signed a note, not as an individual but as a representative, his defense is one of avoidance and therefore an affirmative defense under Rule 94 of the Texas Rules of Civil Procedure. We take it this rule applies to negotiable and non-negotiable instruments. Appellant as a non-movant asserting an affirmative defense to avoid summary judgment must support his defense with proof raising a fact issue. *Id.* The statement in appellant's affidavit "it was intended by myself, SunnYe (sic) Martin and Beckie (sic) Walker that the debt created by the instrument was to be the obligation of Byrd International, Inc., and that I was executing the instrument solely in my representative capacity as president of that corporation" is incompetent summary judgment proof. A witness cannot testify as to another's intent. *Varon v. Richardson Professional Properties, Inc.*, 583 S.W.2d 917 (Tex.Civ.App.—Dallas 1979, no writ). "Testimony concerning the intent of another is at best an opinion and is not admissible in evidence." *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340, 344 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.).

The subjective intent of Byrd is also of no probative value. Under Texas common law "in order for an agent to avoid liability for his signature on a contract he must *disclose* his intent to sign as a representative to the other contracting party. Uncommunicated intent will not suffice." *Seale v. Nichols*, 505 S.W.2d at 255; *see also Griffin v. Ellinger*, 538 S.W.2d 97 (Tex.1976); *cf. Antil v. Southwest Envelope Co.*, 601 S.W.2d 47 (Tex.Civ.App.— Beaumont 1979, no writ).

Appellant has failed to present summary judgment proof raising a fact issue regarding his affirmative defense. His point of error is overruled. The judgment is affirmed.