Larry R. LASSITER, Appellant,

v.

ROTOGRAVURE COMMITTEE, INC., Appellee.

No. 05–85–01108–CV.

Court of Appeals of Texas, Dallas.

Oct. 27, 1986.

Supplemental Opinion Jan. 22, 1987.

Rehearing Denied March 4, 1987.

Charles T. Cole, Gary D. Jackson, Dallas, for appellant.

Jeffrey S. Levinger, Dallas, for appellee.

Before McCLUNG, SCALES and HOLLINGSWORTH, JJ.

McCLUNG, Justice.

Larry R. Lassiter appeals a summary judgment granted in favor of Rotogravure Committee, Inc., in a suit on a contract. Lassiter attempted to avoid liability on the contract by claiming that it was a corporate obligation of either Turtle Creek Racquet Club, Inc. or Turtle Creek Place, Inc. d/b/a Turtle Creek Racquet Club, and that he signed it only in his representative capacity as president of either corporation. The issues on this appeal are whether the contract adequately discloses a principal-agent relationship so as to allow extrinsic evidence concerning the capacity in which Lassiter signed and, if so, whether Lassiter provided the trial court with competent summary judgment proof to raise an issue of fact regarding his affirmative defense of agency. We hold that extrinsic evidence is admissible and that Lassiter has raised a fact issue concerning the capacity in which he signed the contract. Accordingly, we reverse and remand for trial.

Under the contract in question, the "advertiser" agrees to pay in full by October 1, 1984, $4,900 for a half-page advertisement in a special advertising section of the Dallas Morning News benefiting the Dallas Opera. At the foot of the contract appears the following:

PRINT COMPANY NAME EXACTLY AS IT SHOULD APPEAR IN THE ROTOGRAVURE: _____
TURTLE CREEK RACQUET CLUB

| | |
|---|---|
| Address, Zip | 10th Floor Two Turtle Creek Village |
| Telephone | 528-3643 |
| Print Signature | LARRY R. LASSITER |
| Signature /s/ | LARRY R. LASSITER |

If an instrument sued on clearly shows on its face that it is the obligation of the person who signed it, parol evidence is not allowed to exempt him from liability, on the ground that he meant to bind only his principal. *Byrd v. Southwest Multi-Copy, Inc.*, 693 S.W.2d 704, 706 (Tex.App.—Houston [14th Dist.] 1985, no writ) (citing *Southern Badge Co. v. Smith*, 141 S.W. 185, 187–88 (Tex.Civ.App.—Dallas 1911, writ ref'd)). If the instrument is ambiguous, however, so that it is uncertain whether it is intended to bind the principal or agent, parol evidence of the circumstances attending its execution is admissible to show the real understanding. *Id.*

The above rule is similar to that applied to negotiable instruments under the Uniform Commercial Code. Official comment 3 to section 3.403 makes it clear that, as between the immediate parties, parol

evidence is admissible to prove a signature by an agent was made in his representative capacity where the instrument names the principal represented but does not show that the person signed in a representative capacity. *Womack v. First National Bank of San Augustine*, 613 S.W.2d 548, 554 (Tex.Civ.App.—Tyler 1981, no writ); TEX.BUS. & COM.CODE ANN. § 3.403, comment 3 (Tex.UCC) (Vernon Supp.1986). We conclude that this rule is properly applicable to the present case. *Cf. Byrd*, 693 S.W.2d at 706 (applying the rule to a nonnegotiable instrument). Here, the contract names the "company" Turtle Creek Racquet Club but does not show that Lassiter signed in his representative capacity.

Rotogravure argues that extrinsic evidence is not admissible to show the capacity in which Lassiter signed because the contract does not sufficiently disclose the principal. To support this proposition, Rotogravure cites *Lachmann v. Houston Chronicle Publishing Co.*, 375 S.W.2d 783 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.), which holds that use of a trade name in a contract is not a sufficient disclosure of the identity of a principal and the fact of agency. We do not disagree with the holding in *Lachmann*. However, we do disagree that it is applicable to the present case. In *Lachmann*, it was stipulated by the parties that the names of the companies that appeared above the appellant's signature on the contract were trade names. Here we have no such stipulation.

A business name meets the requirements of the Business Corporation Act for a corporate name if it contains the word "company." TEX.BUS.CORP.ACT. ANN. art. 2.05 (Vernon 1980). In Texas, therefore, a business name need not contain the words "incorporated" or "corporation" to indicate corporate status. Accordingly, the use of the word "company" in a business name is sufficient to charge a person dealing with the business with notice that it may be incorporated. *Joyner v. Alban Group, Inc.*, 541 S.W.2d 292, 294 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *see Staacke v. Routledge*, 111 Tex. 489, 241 S.W.2d 994, 999 (1922). There-

fore, the designation "... company ...: Turtle Creek Racquet Club" is not per se a trade name and does not fall under the rule enunciated in *Lachmann*. We conclude that the contract in the present case adequately discloses the identity of the principal and the fact of agency. We hold, therefore, that the contract is ambiguous, allowing the admission of extrinsic evidence, because it discloses the principal but does not disclose in what capacity Lassiter signed.

While this ambiguity does provide Lassiter with the opportunity to present parol evidence as to the understanding of the parties, he must still submit some summary judgment proof to establish an issue of fact as to the substance of that understanding. *Byrd*, 693 S.W.2d at 706.

In response to the motion for summary judgment, Lassiter provided an affidavit that states in part:

> I never at any time entered into any negotiations or signed the paper alleged to be a contract in my individual capacity. All discussions with me and the execution of the piece of paper alleged to be a contract occurred in my office at said corporation's offices. The person who solicited my donation on behalf of the corporation was fully aware of my capacity at the time of such discussions and signing of said piece of paper. As is indicated in said Defendants' Third Response to Plaintiff's Motion for Summary Judgment, Mrs. Cindy Brinker was presented my business card showing the name of Turtle Creek Place, Inc. and my name as President of said corporation before the interview began.

> \*    \*    \*    \*    \*    \*

> In behalf of the corporation, I agreed to that arrangement, but strictly on the condition that the donation would be made by the corporation only when said new financing for said construction project was obtained.

> \*    \*    \*    \*    \*    \*

> I signed the piece of paper on that condition, specifically, that the charitable donation of money would be made by the corporation if and when new financing

was obtained for the project with which we were having difficulty in getting new financing.

\* \* \* \* \* \*

The picture and caption in the advertising piece allegedly contracted shows me as President of Turtle Creek Place, Inc. and shows said corporation as doing business as Turtle Creek Racquet Club. Cindy Brinker was escorted through our corporate offices and was shown brochures and other materials indicating said corporate status.

■ Under Texas common law, in order for an agent to avoid liability for his signature on a contract, he must disclose his intent to sign as a representative to the other contracting party. Uncommunicated intent will not suffice. *Seale v. Nichols,* 505 S.W.2d 251, 255 (Tex.1974); *Byrd,* 693 S.W.2d at 706; *see Griffin v. Ellinger,* 538 S.W.2d 97, 100 (Tex.1976); *Antil v. Southwest Envelope Co.,* 601 S.W.2d 47, 48 (Tex. Civ.App.—Beaumont 1979, no writ).

■ In *Seale,* the affidavit in question only stated that the signatory served as president of a duly incorporated business and that when he signed the document he intended only to sign in his capacity as president. In the case before us, Lassiter's affidavit goes further and states sufficient facts to show that he communicated his intent to sign only in his capacity as president. Having found the contract ambiguous insofar as it concerns whether Lassiter intended to be obligated in a personal capacity or in behalf of the corporation, we hold that his affidavit is sufficient to raise a question of fact with regard to that issue. *Cf. Antil,* 601 S.W.2d at 47–48. Accordingly, the trial court's judgment is reversed, and this cause is remanded for trial on the merits.

SCALES, J., files a dissenting opinion.

SCALES, Justice, dissenting.

I dissent. *Lachmann v. Houston Chronicle Publishing Co.,* 375 S.W.2d 783 (Tex.Civ.App.—Austin 1964, writ ref'd n.r. e.), is directly on point.

In *Lachmann,* the publisher brought suit against an advertiser under two written contracts. The first contract was signed: "Company: Artcraft Mattress Company, By: Albert Bentch;" the second was signed: "Company: Artcraft Mattress Company and House of Unpainted Furniture, By: Arno Lachmann." *Lachmann,* 375 S.W.2d at 784. In affirming trial court's judgment that Lachmann was personally liable on the contract signed by him, the court of appeals cited the well-settled rule that:

> It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of the principal, *to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal,* as the person dealt with is not bound to inquire whether or not the agent is acting as such for another.

*Lachmann,* 375 S.W.2d at 785. (Emphasis added). Accordingly, the court held that the use of a trade name in a contract is not a sufficient disclosure of the identity of a principal and the fact of agency.

The majority distinguishes *Lachmann* on the basis of a stipulation in that case that the business names appearing on the contract were trade names. Although there is no such stipulation in this case, Lassiter, in his fourth amended original answer, states that he is the president of "Turtle Creek Place, Inc. doing business as Turtle Creek Racquet Club" and that the contract "is filled in with the name Turtle Creek Racquet Club, in which said corporation, Turtle Creek Place, Inc., was doing business." This assertion, that "Turtle Creek Racquet Club" is a trade name, is a formal judicial admission. *See Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983) (assertions of fact in live pleadings are regarded as formal judicial admissions). This is sufficient to establish that the company name appearing on the contract is a trade name, and thus the *Lachmann* rule should apply.[1]

---

1. The majority cites the official comment to section 3.403 of the Uniform Commercial Code

The majority holds, however, that the printed word "company" preceding the trade name "Turtle Creek Racquet Club" satisfies the requirements of article 2.05 of the Texas Business Corporation Act so that Rotogravure was charged with notice that the business might be incorporated. I disagree. Article 2.05 states:

A. The *Corporate name* shall conform to the following requirements:

(1) It *shall* contain the word "corporation," "company," or "incorporated," or shall contain an abbreviation of one of such words, and shall contain such additional words as may be required by law.

TEX.BUS.CORP.ACT ANN. art. 2.05(A)(1) (Vernon 1980) (emphasis added). Clearly, the name "Turtle Creek Racquet Club," which does not contain the words "corporation," "company," "incorporated," or any abbreviation of these words, does not satisfy the requirements of article 2.05. The word "company" in a printed form preceding a trade name, "Turtle Creek Racquet Club," does not remove this case from the *Lachmann* rule, because the word "company" in a printed form is not part of the business *name.*

Because the only issue presented in *Lachmann* is the issue presented on this appeal and because *Lachmann* was given a "no reversible error" notation by the supreme court, I believe it should control the disposition of this case. I would affirm the summary judgment.

Before McCLUNG, ROWE[1] and SCALES[2], JJ.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

McCLUNG, Justice.

This opinion on rehearing in no way alters our original opinion. We choose to supplement our original opinion for two primary reasons: (1) to further explain why *Lachmann* is inapposite; and (2) to amplify the reasons we find section 3.403 of the Texas Business and Commerce Code persuasive.

First of all, this is an appeal from a summary judgment, whereas *Lachmann* was an appeal from a judgment after a trial. In addition, the court in *Lachmann* was without the benefit of findings of fact and was therefore required to imply findings in favor of the judgment. In other words, the issue here is whether the appellant should be allowed to offer evidence that he signed the contract in a representative capacity; the issue there was whether certain stipulated evidence concerning use of a trade name was sufficient to overcome the presumption implied against agency. We read *Lachmann* as holding merely that, in the complete absence of other evidence, the use of a trade name is not *per se* adequate to rebut such presumption. One who places his individual name on a contract does not disclose a principal/agent relationship sufficient to immunize himself from personal liability solely by also affixing a trade name above his signature. *Lachmann* did not address the issue of parol evidence. We are not saying that Lassiter is not liable; we are saying that under the contract as executed, his liability is uncertain and, therefore, he should be allowed to introduce parol evidence to prove the true understanding of the parties.

We are persuaded that this is a reasonable rule for an ordinary commercial contract because the same outcome now re-

---

as authority that parol evidence is admissible to prove that a signature was made in a representative capacity where the instrument names the principal represented but does not show that the person signed in a representative capacity. Clearly, however, that comment is based on the *statutory exception* to the general rule that parol evidence is not admissible to show that the agent meant only to bind his principal. That statutory exception, provided by the Uniform Commercial Code, is applicable only to commercial paper, and does not apply here.

1. The Honorable Gordon H. Rowe, Justice, succeeded the Honorable Cynthia Hollingsworth, Justice, at the expiration of her term on December 3, 1986.

2. The Honorable R.T. Scales, Justice, retired, Fifth District of Texas at Dallas, sitting by assignment.

sults under the law pertaining to contracts with the most freely transferable rights, the law of commercial paper. We agree with appellant's assertion in his first brief that section 3.403 of the Texas Business and Commerce Code reflects common law principles of agency. *See Byrd v. Southwest Multi-Copy Inc.*, 693 S.W.2d 704, 706 (Tex.App.—Houston [14th Dist.] 1985, no writ).

Comment 3 to section 3.403 states:

Assuming that Peter Pringle is a principal and Arthur Adams is his agent, an instrument might, for example, bear the following signature affixed by the agent—

(a) "Peter Pringle", or

(b) "Arthur Adams", or

(c) "Peter Pringle by Arthur Adams, Agent", or

(d) "Arthur Adams, Agent", or

(e) "Peter Pringle Arthur Adams", or

(f) "Peter Pringle Corporation Arthur Adams".

A signature in form (a) does not bind Adams if authorized (Sections 3—401 and 3—404).

A signature as in (b) personally obligates the agent and parol evidence is inadmissible under subsection (2)(a) to disestablish his obligation.

The unambiguous way to make the representation clear is to sign as in (c). Any other definite indication is sufficient, as where the instrument reads "Peter Pringle promises to pay" and it is signed "Arthur Adams, Agent." Adams is not bound if he is authorized (Section 3—404).

Subsection 2(b) adopts the New York (minority) rule of Megowan v. Peterson, 173 N.Y. 1 (1902), in such a case as (d); and adopts the majority rule in such a case as (e). In both cases the section admits parol evidence in litigation between the immediate parties to prove signature by the agent in his representative capacity. Case (f) is subject to the same rule.

Appellee does not dispute that the name of appellant's alleged principal, "Turtle Creek Racquet Club," appears on the contract. Both parties agree that Lassiter's signa-

ture appears on the contract. Consequently, we are faced with the situation contemplated by example (e) above. In such case, as between the immediate parties, the law of commercial paper allows extrinsic evidence to show the fact of agency, even though such body of law minimizes personal defenses in order to encourage a free transfer of contractual rights. The same showing should be allowed with respect to ordinary commercial contracts under which rights are not so freely transferable. Accordingly, we hold that because in this record the completed contract is comparable to example (e) above and does not on its face clearly show the obligation to be that of Lassiter, extrinsic evidence of the circumstances attending the contract's execution is admissible to establish the real understanding of the parties with respect to liability.

Appellee argues that in any event, "Turtle Creek Racquet Club" is a trade name and not a sufficient disclosure of the identity of the corporate principal. *Lachmann* noted that at "150 A.L.R. 1303, the majority of cases [cited] hold that the use of a trade name is not sufficient disclosure of the identity of the principal and of the fact of agency." The case annotated there is *Saco Dairy Co. v. Norton*, 140 Me. 204, 35 A.2d 857 (1944). *Saco* states, "Whether a disclosure of agency has been made depends upon the facts and circumstances surrounding the transaction, and ... the question is to be decided upon the judgment of the trier of facts. ... It is not to be questioned that a trade name may be used under such circumstances that agency will be sufficiently disclosed." *Id.* at 858–59. Lassiter should be allowed the opportunity to establish those facts here. The trial court's action granting summary judgment was error. We abide by our original opinion as supplemented. Consequently, appellee's motion for rehearing is overruled.

SCALES, J., maintains his dissent.