Affirmed and Memorandum Opinion filed August 26, 2008








Affirmed and Memorandum Opinion filed August 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00661-CV

____________

 

PEGGY C. McELROY, Appellant

 

V.

 

UNIFUND CCR PARTNERS, ASSIGNEE OF
AMERICA ONLINE-PLATINUM, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 849485

 



 

M E M O R A N D U M   O P I N I O N








Peggy C. McElroy appeals a judgment in favor of Unifund CCR
Partners for unpaid credit card debt on grounds that (1) Unifund_s business records
were improperly admitted into evidence based on an affidavit from a Adesignated agent@ rather than a
custodian of records; (2) certain Unifund business records admitted into
evidence contained hearsay within hearsay; (3) Unifund failed to establish the
existence of a contract with McElroy; and (4) Unifund failed to establish
viable claims for breach of contract or quantum meruit.  We affirm.

Background

Unifund CCR Partners sued Peggy C. McElroy to recover
unpaid debt on a credit card  account.  The account was originally issued under
the creditor name AMERICA ONLINE-PLATINUM and later acquired by Unifund by
assignment.  Unifund pleaded both breach of contract and quantum meruit.

The lawsuit was tried to the court on July 5, 2007. 
Unifund called no witnesses during the trial on the merits, relying exclusively
upon evidence contained within business records provided by Unifund and its
assignors to establish McElroy_s liability.  As admitted, these records
included a proffering affidavit signed by Unifund employee Angela Freckman; a
signature card for the account; an affidavit signed by Robert Watson, an
employee of the assignor of the account; and more than a dozen monthly account
statements. 

The trial court signed a judgment in favor of Unifund for
$15,114.66, plus interest and reasonable statutory attorneys fees.  McElroy did
not request findings of fact or conclusions of law.  McElroy timely appealed.

Analysis

Admission
of Business Records by ADesignated Agent_s@ Affidavit








In her first issue, McElroy contends that the trial court
erred in admitting Unifund_s business records into evidence at trial
over her hearsay objection.  We review a trial court_s decision to
admit or exclude evidence for an abuse of discretion.  In re J.P.B., 180
S.W.3d 570, 575 (Tex. 2005).  A trial court abuses its discretion if its
decision is arbitrary, unreasonable, and without reference to guiding
principles.  See Owens‑Corning Fiberglas Corp. v. Malone, 972
S.W.2d 35, 43 (Tex. 1998).  An appellate court must uphold the trial court=s evidentiary
ruling if there is any legitimate basis for the ruling.  Id.  Moreover,
we will not reverse a trial court for an erroneous evidentiary ruling unless
the error probably caused the rendition of an improper judgment.  Id.; see
also Tex. R. App. P. 44.1.

At trial, Unifund offered for admission selected business
records including a proffering affidavit; McElroy_s signature card
for the account; an affidavit from Chase Bank, USA employee Robert Watson
describing the assignment of McElroy_s account to Unifund and the
account status when assigned; 13 monthly statements; and an account statement
created by Unifund. McElroy objected to admission of these records as hearsay,
but the trial court admitted them under the business records exception to the
hearsay rule. See Tex. R. Evid. 803(6).

Specifically, McElroy objects on appeal to the affidavit by
which Unifund sought to authenticate its business records under the hearsay
exception. See Tex. R. Evid. 902(10).  McElroy argues that the affidavit
was insufficient under Rule 902(10) because the affiant, Unifund employee Angela
Freckman, identified herself as the Adesignated agent@ of Unifund rather
than the Acustodian of records.@  McElroy further
asserts that Freckman lacked personal knowledge of the account as required
under Rule 803(6).  McElroy argues Freckman was not competent to lay the proper
foundation required under Rule 902(10) for the business records to qualify
under the Rule 803(6) exception to the hearsay rule.  We reject these
contentions.

A_Hearsay_ is a statement,
other than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted.@  Tex. R. Evid.
801(d).  The proponent of hearsay has the burden of showing that the testimony
fits within an exception to the general rule prohibiting the admission of
hearsay evidence.  Volkswagen of Am., Inc. v. Ramirez, 159 S.W.3d 897,
908 n. 5 (Tex. 2004).          








The business records exception provides that evidence
meeting certain criteria should not be excluded under the hearsay rule.  See
Tex. R. Evid. 803(6).  The exception has four requirements: (1) the records
were made and kept in the course of a regularly conducted business activity;
(2) it was the regular practice of the business activity to make the records;
(3) the records were made at or near the time of the event that they record;
and (4) the records were made by a person with knowledge who was acting in the
regular course of business.  In re E.A.K., 192 S.W.3d 133, 141 (Tex.
App._Houston [14th
Dist.] 2006, pet. denied).  These requirements may be demonstrated at trial
through an accompanying affidavit.  See Tex. R. Evid. 902(10).  

The authenticating affiant need not be a Acustodian of
records@ to qualify.  See
Tex. R. Evid. 902(10).  The prerequisites of Rule 803(6) may be established
by a Aqualified witness.@  Houston Shell
& Concrete Co. v. Kingsley Constructors, Inc., 987 S.W.2d 184, 186
(Tex. App._Houston [14th Dist.] 1999, no pet.); see also Tex.
R. Evid. 803(6).  ARule 803(6) does not require a witness
laying the predicate for introduction of a business record to be the creator of
the document or even an employee of the company keeping the subject record.@  In re E.A.K.,
192 S.W.3d at 142; see also Tex. R. Evid. 803(6).  An affiant may
qualify as an Aother qualified witness@ by demonstrating
personal knowledge of the facts contained within a business record.   See
Houston Shell & Concrete Co., 987 S.W.2d at 186.  Freckman
satisfied this standard because her affidavit stated that she was the
designated agent of Unifund, and that she had personal knowledge of the account
in question.  Further, Freckman_s affidavit tracked the model language of
a self-authenticating affidavit because it described the creation, collection
and management of the records. See Tex. R. Evid. 902(10)(b).








McElroy also argues that Freckman=s affidavit is
conclusory because it fails to establish the basis for Freckman=s personal
knowledge of the facts to which she testifies.  However, this argument is
without merit. See Gellatly v. Unifund CCR Partners, No. 01‑07‑00552‑CV,
2008 WL 2611894, at *5 (Tex. App.CHouston [1st
Dist.] July 3, 2008, no pet.) (mem. op., not designated for publication) (an
affidavit reciting business records requirements is not impermissibly
conclusory).  Because this affidavit substantially complies with the language
of Rule 902(10)(b), it properly authenticates the business records at issue. See
Luxama v. State, No. 14-04-00674-CR, 2006 WL 1148483, at *10 (Tex. App._Houston [14th
Dist.] February 14, 2006, pet ref_d) (mem. op., not designated for
publication) (trial court did not abuse its discretion when admitting business
records accompanied by affidavit tracking the form provided by Rule 902(10)); 
Jones v. N. Woodland Hills Vill. Cmty. Ass=n, No. B14‑93‑00545‑CV,
1994 WL 388298, at *5 (Tex. App._Houston [14th Dist.] July 28, 1994,
writ denied) (not designated for publication) (affidavit containing only
factual statements and substantially complying with Rule 902(10)(b) model
affidavit was sufficient to support admission of document);  see also Capers
v. Citibank (South Dakota), N.A., No. 05-05-01230-CV, 2006 WL 3020419,  at
*3 (Tex. App._Dallas October 25, 2006, no pet.) (mem. op., not designated
for publication) (affidavit offered to authenticate business records was not
facially defective, without merit, or lacking foundation because it
substantially complied with Rule 902(10)).

McElroy further argues on appeal that Freckman_s assertions of
personal knowledge cannot apply to records created by the assignors of the
account in question.  An objection must be specific. McCormick v. Tex.
Commerce Bank, 751 S.W.2d 887, 890 (Tex. App._Houston [14th
Dist.] 1988, writ denied);  see also Tex. R. Evid. 103(a)(1); Tex. R.
App. P. 33.1(a)(1)(A).  An objection must identify the legal principle the
court will violate if it admits the evidence when that is not apparent from the
context.  United Cab Co. v. Mason, 775 S.W.2d 783, 785 (Tex. App._Houston [1st
Dist.] 1989, writ denied);  see also Tex. R. Evid. 103(a)(1).  At trial,
McElroy objected only to Freckman_s use of the phrase Adesignated agent.@  Because McElroy=s objection
regarding personal knowledge was not raised at trial, we do not consider it on
appeal.








Under these circumstances, the trial court acted within its
discretion in admitting Unifund_s business records. See Owens‑Corning
Fiberglas Corp., 972 S.W.2d at 43. McElroy_s first issue is
overruled.

We need not address the trial court=s admission of
Watson=s affidavit, the
subject of McElroy=s second issue, because it is not
necessary to determine the outcome of this case.  McElroy assails Watson=s affidavit as
containing hearsay within hearsay while lacking sufficient personal knowledge
to qualify for an exception to the hearsay rule.  But even if we disregard
Watson=s affidavit, the
unobjected-to portions of Freckman=s affidavit
establish the existence of the account assignment and the validity of the
supporting records. Any asserted error in admitting Watson=s affidavit was
harmless.  See Tex. R. App. Proc. 44.1(a).

Existence of Contract

In her third issue, McElroy contends that Unifund failed to
demonstrate the existence of a contract.  We construe this as a challenge to
the legal sufficiency of the evidence to support Unifund=s breach of
contract claim.  When neither party requests findings of fact and conclusions
of law, all fact findings necessary to support the trial court=s judgment are
implied.  BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795
(Tex. 2002);  Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 52
(Tex. 2003).  However, when the appellate record includes the reporter_s and clerk_s records, implied
findings of fact may be challenged based on legal sufficiency.   Sixth RMA
Partners, L.P., 111 S.W.3d at 52.  In reviewing a legal sufficiency point,
we view the evidence in a light that tends to support the finding of the
disputed fact and disregard all evidence and inferences to the contrary.  Id.









To recover in a breach of contract case, Unifund must prove
that (1) a valid contract existed; (2) Unifund performed or tendered
performance; (3) McElroy breached the contract; and (4) Unifund was damaged as
a result of McElroy=s breach.  See Mays v. Pierce, 203
S.W.3d 564, 575 (Tex. App._Houston [14th Dist.] 2006, pet. denied). 
Parties form a binding contract when the following elements are present: (1) an
offer; (2) an acceptance in strict compliance with the terms of the offer; (3)
meeting of the minds; (4) each party_s consent to the terms; and (5)
execution and delivery of the contract with the intent that it be mutual and
binding. Wal‑Mart Stores, Inc. v. Lopez, 93 S.W.3d 548, 555-56
(Tex. App._Houston [14th Dist.] 2002, no pet.).  To be enforceable, a
contract must be sufficiently certain to enable a court to determine the rights
and responsibilities of the parties. T.O. Stanley Boot Co. v. Bank of El
Paso, 847 S.W.2d 218, 221 (Tex.1992).  The material terms of a contract
must be agreed upon before a court can enforce the contract.  Id.  An
applicable interest rate is a _material term._  See id.

At trial, Unifund did not proffer the actual agreement
between the cardholder and the issuer, or any other document that established
agreed terms for the applicable interest rate or the method of determining
finance charges.  Unifund_s business records reflected statements sent to
McElroy, purchases made against the account, and payments made.  In its brief,
Unifund argues that this evidence establishes the existence of a contract as a
matter of law.  However, nowhere in Unifund_s evidence is there an express
written agreement describing the definite, agreed terms between McElroy and
AMERICA ONLINE-PLATINUM. Unifund_s business records include a copy
of a signature card signed by McElroy, but this document does not contain the
missing contractual terms.

The record contains the previously described affidavits,
monthly statements related to the account, and the signature card.  There is no
cardholder=s agreement or other document expressly describing the
terms of the account, nor is there any discernable demonstration of McElroy=s intent to be
bound by a specific agreement.  The account statements show widely varying
interest rates.








In Williams v.
Unifund CCR Partners Assignee of Citibank, No. 01-06-00927, 2008 WL 339855
(Tex. App._Houston [1st Dist.] February 7,
2008, no pet.), the First Court of Appeals held that a creditor failed to
establish the existence of a contract when it failed to produce Athe actual agreement or any other
document that established the agreed terms, including the applicable interest
rate or the method for determining the applicability and amount of finance
charges.@  Id. at *4. By contrast, in
Winchek v. Am. Express Travel Related Svcs. Co., 232 S.W.3d 197 (Tex. App._Houston [1st Dist.] 2007, no pet.),
the First Court of Appeals held that the creditor had met its burden to
establish a contract.  Id. at 204. In that case, the creditor admitted
into evidence both a copy of the creditor=s  APersonal Card Member Agreement@and an affidavit from the creditor=s Manager of Credit Operations
stating,

[a]t all relevant times, Winchek
was the holder of an American Express Personal Card (AThe Personal Card@) that enabled her to charge items
to an American Express Card Account@ and that A[b]y accepting and using the Personal Card, Winchek agreed to all of
the terms and conditions set forth in the Personal Card Member Agreement.  

 

Id.
at
202-203.  Because the APersonal Card Member Agreement@ expressly stated
that retention or use of the card demonstrated the cardholder=s agreement to the
terms of the APersonal Card Member Agreement,@ the Court found
that the cardholder=s demonstrated use of the card Amanifested her
intent that the contract become effective.@ Id. at
204.

The evidence relied upon in Winchek is absent in
this case.  The circumstances here parallel those in Williams.  While we
are obliged to Aview the evidence in a light that tends to
support the finding of the disputed fact and disregard all evidence and
inferences to the contrary,@ there is no evidence in this case to
demonstrate the specific terms of the contract between McElroy and Unifund.  See
Williams, 2008 WL 339855, at *4; see also T.O. Stanley Boot Co.,
847 S.W.2d at 221.  That does not end the analysis, however, because there is a
potential alternative ground upon which the trial court=s judgment could
be based.  We turn next to the alternative quantum meruit basis for
recovery.

 

 








Quantum Meruit Claim

In her fourth issue, McElroy asserts that Unifund failed to
establish its right to recover on a claim of either breach of contract or
quantum meruit.  Having addressed the breach of contract claim in answering
McElroy_s third issue, we
construe this as a challenge to the legal sufficiency of the evidence to
support Unifund_s quantum meruit claim.

Quantum meruit is an equitable remedy independent of a
particular contract.  Vortt Exploration Co., v. Chevron U.S.A., 787
S.W.2d 942, 944 (Tex. 1990).  This theory rests on an implied agreement to pay
for benefits received.  Heldenfels Bros., Inc. v. City of Corpus Christi,
832 S.W.2d 39, 41 (Tex.1992).  To recover under quantum meruit, Unifund
must prove that (1) valuable services were rendered or materials furnished; (2)
to McElroy; (3) which McElroy accepted, used and enjoyed; (4) under such
circumstances as reasonably notified her that Unifund (by assignment), in
performing, expected to be paid by defendant. See Vortt Exploration Co.,
Inc., 787 S.W.2d at 944;  Heldenfels Bros., Inc., 832 S.W.2d at 41. 
A party may recover under quantum meruit only when there is no express
contract covering the services or materials furnished.  Vortt Exploration
Co., 787 S.W.2d at 944. 

Unifund_s business records demonstrate that
AMERICA ONLINE-PLATINUM rendered a service to McElroy by the extension of a
consumer credit card account.  McElroy did not dispute the existence or use of
this account at trial, and does not do so on appeal. 








We may rely on McElroy=s admissions
submitted to the trial court as part of Unifund=s motion for
summary judgment.  See Joyner v. Alban Group, Inc., 541 S.W.2d 292, 293
(Tex. Civ. App._Houston [1st Dist.] 1976, no writ) (admissions made by
parties in response to request for admissions and filed among papers in the
case need not be introduced in evidence to be properly before trial court for
consideration);  Red Ball Motor Freight, Inc. v. Dean, 549 S.W.2d 41, 43
(Tex. Civ. App._Tyler 1977, writ dism=d w.o.j.). 
McElroy=s admissions
establish that she applied for the credit card account; she received monthly
statements showing the amount of charges or cash advanced on the account; the
monthly statements Aspecifically advised@ her of the right
to dispute any error contained within the statements; and she failed to pay
amounts owed on the account.  

The monthly statements demonstrate that credit was extended
for more than one year. Unifund_s business records substantiate the chain
of assignment of the account from Chase Bank, USA to Unifund.  The statements
demonstrate that McElroy made at least 12 payments against her account balance
while continuing to purchase goods and services using the account over a
12-month period.  The business records also contain a Unifund statement showing
$15,114.66 due _ the same amount awarded by the trial court as
damages.  This evidence supports the trial court_s judgment in
favor of Unifund on the basis of a quantum meruit claim against McElroy.
 See Heldenfels Bros., Inc., 832 S.W.2d at 41; see also 2616 S. Loop
L.L.C. v. Health Source Home Care, Inc., 201 S.W.3d 349, 360 (Tex. App._Houston [14th
Dist.] 2006, no pet.) (quantum meruit was proper claim for recovery in
case where tenants received and accepted the use of property and received
written demands for payment of market rental rates in return); Coastal Chem,
Inc. v. Brown, 35 S.W.3d 90, 101 (Tex. App._Houston [14th
Dist.] 2000, pet. denied) (quantum meruit was a proper remedy for the
reasonable value of services rendered and accepted when not covered by an
existing contract).








The trial court awarded $ 5,038.22 to Unifund for
reasonable statutory attorney=s fees.  Because Unifund=s valid quantum
meruit claim is based on the rendition of services to McElroy, we affirm
the award of statutory attorney=s fees in this case.  See Tex. Civ.
Prac. & Rem. Code Ann. _ 38.001(1) (Vernon 2008); Tuberquia v.
Jamison & Harris, No. A14-91-00055-CV, 1991 WL 260344, at *2 (Tex. App._Houston [14th
Dist.] December 12, 1991, no writ) (not designated for publication) (recovery
of  statutory attorney=s fees was proper under either breach of
contract or quantum meruit in suit to recover unpaid fees for services
rendered); Rainbow Group, Ltd. v. Johnson, No. 03-00-00559-CV, 2002 WL
1991141, at * 9-10 (Tex. App._Austin August 30, 2002, pet. denied) (not
designated for publication) (chapter 38 allows the recovery of attorney=s fees under quantum
meruit based on an employee=s act of making their services available
according to an employer=s request).

McElroy=s fourth issue is overruled.

Conclusion

We affirm the trial court_s judgment.

 

 

 

/s/      William J. Boyce

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed
August 26, 2008.

Panel consists of Chief Justice Hedges and
Justices Anderson and Boyce.