Nick SIMON, Appellant,

v.

BANCTEXAS QUORUM, N.A., Appellee.

No. 05–87–01236–CV.

Court of Appeals of Texas,
Dallas.

May 24, 1988.
Rehearing Denied July 11, 1988.

Nick Simon, Winfrey M. Courtney, Dallas, for appellant.

Jay A. Brandt, Catherine A. Bohrer, Dallas, for appellee.

Before WHITHAM, ROWE and BAKER, JJ.

WHITHAM, Justice.

By petition for writ of error, appellant, Nick Simon, appeals from a default judgment in favor of appellee, BancTexas Quorum, N.A., on a promissory note. In his second point of error, Simon contends that the trial court erred in granting a recovery in excess of the amount pleaded by the bank. We agree. In his first point of error, Simon contends that the trial court erred in holding that the bank's petition supported a judgment against Simon. We disagree. Accordingly, we grant the petition for writ of error in part, modify the

trial court's judgment and, as modified, affirm.

On April 21, 1986, Peggy J. Costilla executed a promissory note in the principal amount of $28,608.11, payable to the bank on demand or, if no prior demand was made, on October 21, 1986, together with interest as stated therein. As security for the payment of the note, Costilla assigned to the bank all her rights, title and interest in a note dated October 31, 1985, in the principal amount of $55,000.00, payable on April 30, 1986. The assigned note states that "I, We, or either of us, as principals, promise to pay to the order of Peggy J. Costilla ..." and was executed as follows:

/s/ Nick Simon (hand written)

Nick Simon, President (typewritten)
Tri–Star Developers (typewritten)

Costilla's assignment to the bank reads:

I hereby assign to BancTexas Quorum, N.A. all of my rights, title & interest in and to one certain promissary [sic] note dated October 31, 1985 in the original principal amount of $55,000 and executed by Nick Simon.

/s/ Peggy J. Costilla

Despite demand, Costilla failed and refused to pay the amount due on her note to the bank. Costilla requested that the bank pursue collection of the assigned note. Despite demand, Simon failed and refused to pay the sums due under the assigned note.

On February 20, 1987, the bank brought this action against Simon on the assigned note. (Different counsel represent the bank on appeal.) Costilla was never made a party to this lawsuit. In its original petition, the bank pleaded the contractual relationship between itself, Simon and Costilla, including an explanation of the assignment of the note from Costilla to the bank. The bank prayed for a judgment as follows:

WHEREFORE, PREMISES considered, [the bank] prays that [Simon] be cited to appear herein and that, upon final hearing hereof, this court enter judgment against [Simon] as follows:

(a) for $28,608.11 in principal plus accrued interest thereon in the amount of $2,479.37 through February 14, 1987 and accruing thereafter at the rate of $11.92 per diem until paid;

(b) declaring [the bank's] rights to the promissory note proceeds and for foreclosure of [the bank's] security interest in said promissory note;

(c) for collection costs, including reasonable attorney's fees;

(d) for costs of court herein; and

(e) for such other and further relief to which [the bank] may show itself entitled.

Copies of the assigned note and the assignment to the bank were attached to the bank's petition. Simon was served with citation on March 6, 1987. On April 1, 1987, a default judgment was rendered against Simon. The default judgment orders, adjudges and decrees:

1. That [the bank] is entitled to a Default Judgment against [Simon];

2. That [the bank] have and recover from [Simon] the sum of $55,000.00 plus pre-judgment interest in the amount of $5,179.17 together with post-judgment interest on the principal amount of $55,-000.00 at the rate of 10% per annum from and after the date of judgment until paid; and that [the bank] is ORDERED to retain in its possession only that sum of money which is owed to [the bank] by PEGGY J. COSTILLA and the excess, if collected, shall be delivered to PEGGY J. COSTILLA or to the trustee in bankruptcy for her benefit;

3. [The bank] have and recover from [Simon] the sum of $1500.00 as reasonable attorney's fees;

4. All costs of court are taxed against [Simon];

5. All other relief not specifically granted herein is DENIED.

A copy of the default judgment was sent to Simon by the clerk of the trial court on April 1, 1987. Simon filed an answer to the bank's original petition on April 9, 1987. In his answer, Simon pleaded a general denial and the affirmative defense that he was not liable in the capacity in which he is sued.

In order to prevail upon a writ of error, an appellant must show that the writ of error is brought within six months from the date of judgment by a party to the suit who did not participate at trial, and error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982); *Caruso v. Krieger,* 698 S.W.2d 760, 761 (Tex.App.—Austin 1985, no writ). In this appeal, the issue is whether Simon has failed to meet his burden of showing error on the face of the record.

In his first point of error, Simon argues that the bank's petition does not support the default judgment because he executed the note in a representative capacity. Thus, Simon asserts he is a stranger to the transaction and is not liable on the note individually. Simon reasons that the default judgment is void because the bank's petition did not support judgment against him. In this connection, Simon points to the copy of the assigned note attached to the bank's petition as an exhibit which is the basis of the bank's cause of action. Simon insists that the exhibit supercedes the bank's pleadings. Thus, Simon argues that the exhibit—and, therefore, the bank's pleadings—disclose a suit upon a note executed by Tri-Star Developers and not Simon individually. Simon advances this argument on the premises that the exhibit, as a matter of law, discloses a note of Tri-Star Developers signed on its behalf by its president, Nick Simon. In short, Simon tells us that the note sued upon clearly showed upon its face that he was not individually liable upon the note as maker.

Simon grounds his argument upon section 3.403(c) of the Texas Business and Commerce Code, which reads as follows: "Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." TEX.BUS. & COM.CODE ANN. § 3.403(c) (Vernon 1968). Thus, Simon asserts that since his signature was followed by his typed name (Nick Simon) and the typed words "President, Tri-Star

Developers," a prima facie showing existed that he signed the note in his representative capacity as president of a corporation and, therefore, was not personally liable. For the reasons that follow, we conclude that Simon's asserted theory of a prima facie showing overlooks the strict provisions of our Texas Rule of Civil Procedure 94 and that rule's reference to "matter constituting an avoidance or affirmative defense." In this connection, we assume, but do not decide, that if properly pleaded under rule 94, section 3.403(c) provides Simon a circumstance under which personal liability may be avoided. *See Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex.1974).

As noted, Simon relies upon a provision of section 3.403 of the code to avoid personal liability on the assigned note. Section 3.403 of the code provides the circumstances under which personal liability may be avoided. *Seale,* 505 S.W.2d at 254. Hence, reliance upon section 3.403(c) is an affirmative defense. In pleading to a preceding pleading, a party shall set forth affirmatively "matter constituting an avoidance or affirmative defense." TEX.R.CIV.P. 94. In this connection, we deem *Seale* instructive. In *Seale* the Supreme Court described the note in question and its signature as follows:

The promissory note in question is on a printed form and begins, "I, we or either of us, promise to pay [to Seale]." It is signed as follows:

THE FASHION BEAUTY SALON
Carl V. Nichols (typewritten)
Carl V. Nichols (handwritten)

*Seale,* 505 S.W.2d at 252. In *Seale,* Nichols contended that "THE FASHION BEAUTY SALON" was the assumed name of Mr. Carl's Fashion, Inc., a corporation, and that he signed the note in his capacity as president of the corporation, not in his individual capacity. *Seale,* 505 S.W.2d at 252. Hence, in *Seale,* as in the present case, we have the defendant sued in his individual capacity asserting representative capacity on behalf of a corporation as a defense.

Under the Texas Business and Commerce Code, a person signing a promis-

sory note is presumed to be personally obligated to the holder thereof unless he, as the maker, interposes a defense sufficient to relieve himself of the obligation. *Seale,* 505 S.W.2d at 254. Where the maker admits the execution of the note and his signature, the holder, without more, is entitled to judgment unless a defense was raised. *See Seale,* 505 S.W.2d at 254. In the present case, as in *Seale,* an individual's asserted defense is that he signed a note, not as an individual, but as a representative of a corporation. *See Seale,* 505 S.W.2d at 254. This defense is one of avoidance as it does not attempt to negative a necessary element of the holder's cause of action. *Seale,* 505 S.W.2d at 254. Defenses in avoidance are expressly made affirmative defenses by Texas Rule of Civil Procedure 94. *Seale,* 505 S.W.2d at 254. Consequently, in order for the person signing a promissory note to avoid a judgment for the holder, the person signing the note must have presented evidence raising a fact issue on the elements necessary to his affirmative defense. *See Seale,* 505 S.W.2d at 254. As a general rule in cases of default judgment, the defendant's failure to answer is an admission of the facts properly pleaded and the justice of the plaintiff's claim. *Wall v. Wall,* 630 S.W.2d 493, 496 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). A default judgment admits facts which are properly alleged. *Stoner v. Thompson,* 578 S.W.2d 679, 684 (Tex. 1979). In the present case, the bank's original petition alleged that the note was executed by Nick Simon as maker. Thus, by default Simon admits that he executed the note as maker. Therefore, by defaulting, Simon failed to assert his alleged defense that he signed the note, not as an individual, but as a representative of a corporation. Hence, Simon did not advance his affirmative defense of avoidance and negate a necessary element of the bank's cause of action. Consequently, by default, Simon waived his right to present evidence raising a fact issue on the elements necessary to his affirmative defense of avoidance; to wit, that he was not personally liable on the note because he signed in a representative capacity.

A petition for writ of error may not be granted unless an error which vitiates the trial court's judgment is apparent on the face of the record. *Wall,* 630 S.W.2d at 495. In the present case, we conclude that there is no error which vitiates the trial court's judgment as to Simon's liability on the assigned note apparent on the face of the record. Consequently, we conclude that the trial court did not err in holding that the bank's petition supported a judgment against Simon as to Simon's liability on the assigned note. We overrule Simon's first point of error.

Thus, we reach Simon's argument that the trial court erred in rendering judgment in favor of the bank in excess of the amount pleaded by the bank. Simon maintains that the trial court erred in rendering the default judgment against him for $55,000.00 when the bank pleaded $28,608.11. A default judgment must accord with the pleadings. *Mullen v. Roberts,* 423 S.W.2d 576, 579 (Tex.1968). It is impermissible in a default judgment to render judgment for damages in excess of the damages specifically pleaded. *Capitol Brick, Inc. v. Fleming Manufacturing Co.,* 722 S.W.2d 399, 401 (Tex.1986). Therefore, we conclude that the trial court erred in rendering judgment against Simon in excess of the amount pleaded by the bank. We conclude further that this error is apparent on the face of the record and, therefore, vitiates the trial court's judgment as to the amount of the award against Simon. We grant the petition in part, sustain Simon's second point of error and modify paragraph two of the trial court's judgment to read as follows: [1]

2. That Plaintiff have and recover from the Defendant, NICK SIMON, the

---

1. We base our interest calculations on BancTexas' original petition and on the terms of the note. The note bears interest at the rate of fifteen percent (15%) per annum, the first interest payment being due July 21, 1986. Conse-

quently, we conclude BancTexas is entitled to prejudgment interest of fifteen percent (15%) on the principal balance of $28,608.11 from July 21, 1986, to April 1, 1987, the date of the trial court's judgment, or $3,027.68.

sum of $28,608.11 plus pre-judgment interest in the amount of $3,027.68 together with post-judgment interest at the rate of 15% per annum from the date of judgment.

As so modified, the trial court's judgment is affirmed. We express no opinion as to the rights, if any, of Costilla, or her representatives, against the bank or Simon.