**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00271-CV**

_____

**ACCURATE INDUSTRIES, INC., Appellant**

**V.**

**JERRY NELSON d/b/a MAVERICK INTERNATIONAL LTD, Appellee**

On Appeal from the 260th District Court
Orange County, Texas
Trial Cause No. D180130-C

**MEMORANDUM OPINION**

This is an appeal from a take-nothing summary judgment disposing of Accurate Industries, Inc.'s breach of contract, quantum meruit and fraud claims against Jerry Nelson. In eleven issues on appeal, Accurate argues it produced evidence to support each of its claims, Nelson did not conclusively establish his defenses, and Nelson did not disclose his defenses until it was too late for Accurate to conduct discovery on those defenses. Because Accurate did not provide the trial

1

court evidence of each of the elements of its claims for breach of contract, quantum meruit and fraud, we affirm.

## Background

On March 29, 2018, Accurate filed suit against "Jerry Nelson, Individually and d/b/a Maverick International, Ltd."[1] Plaintiff's Original Petition asserts Accurate entered into a series of twenty-three contracts with Nelson under which Accurate was to provide goods and services for which Nelson was obligated to pay. The petition asserts Nelson did not pay Accurate, never had any intention to pay Accurate, and is liable for breach of contract, quantum meruit and fraud. Nelson, who was the only defendant at the time, did not file an answer until nearly four years later. Instead, Maverick International, Ltd., which was not a defendant at the time, filed an Original Answer on June 1, 2018, referring to itself as "Defendant" and asserting it is "incorrectly named as 'Jerry Nelson, Individually and d/b/a Maverick International, Ltd.'" The Original Answer generally denies Accurate's allegations but does not assert any verified pleas or affirmative defenses.

Shortly after Maverick filed its answer, Accurate's counsel faxed Maverick's counsel a Request for Disclosure directed to "Jerry Nelson, Individually and d/b/a

---

[1]Accurate's pleadings and the style of the case in both the trial court and this court abbreviate "Limited" as "Ltd" (without a period) whereas Nelson's and Maverick's pleadings sometimes use "Ltd." (with a period). We use, or do not use, a period depending on the source material to which we refer.

Maverick International, LTD." Although he had not yet appeared in the lawsuit, Nelson served responses in which he identifies himself as "Jerry Nelson, Individually and d/b/a Maverick International, Ltd., Defendants[,]" and indicates that the names of the parties to the lawsuit are correctly stated in the style of the case, that he is unaware of any other potential parties, that he will supplement his responses if potential parties are discovered in the future, and that he generally denies Accurate's allegations.

More than three years later, on January 25, 2022, Nelson filed "Defendant Jerry Nelson, Individually and d/b/a Maverick International, Ltd's First Amended Answer" in which Nelson generally denies Accurate's allegations and asserts various defenses, including verified pleas that he is an individual, that he is not liable in his individual capacity, that he is not a proper party, that there is a defect in parties, that he did not contract with or communicate with Accurate in his individual capacity, that he has not done business under an assumed name, that Maverick International, Ltd, is not his assumed name, that he did not execute any contract or writing on which Accurate's action is founded, that he is not a party to any contract with Accurate and that any instrument upon which Accurate's action is founded is without consideration as to Nelson.

Approximately one week later, on February 3, 3022, Nelson filed a motion for summary judgment asserting that after adequate time for discovery there is no

3

evidence of each of the elements of Accurate's claims for breach of contract, quantum meruit and fraud. The motion also asserts that the summary judgment evidence conclusively negates at least one essential element of each of Accurate's claims and conclusively establishes each of the defenses included in Nelson's First Amended Answer.

After a hearing on March 10, 2022, the trial court signed an order granting Nelson's motion. As discussed below, Accurate did not attend the hearing. On March 14, 2022, Accurate filed a First Amended Petition, repeating the same claims for breach of contract, quantum meruit and fraud that were originally alleged in the original petition, but this time against "Defendants" rather than "Defendant." Although the style of the case remains the same, the body of the amended petition identifies two Defendants: Jerry Nelson (without the designation "individually and d/b/a Maverick International, Ltd"), and Maverick International, Ltd. According to the amended petition, "Defendant Maverick International, Ltd is an assumed name of Jerry Nelson and is also purportedly a domestic limited partnership."

On March 21, 2022, Accurate filed "Plaintiff's Motion for Leave to Late File Response, Motion to Reconsider, Motion for New Trial, and Response to Defendant's Motion for Summary Judgment" arguing it did not receive notice of the hearing on Nelson's motion for summary judgment and requesting the trial court to reconsider its ruling in light of Accurate's response. In its response, Accurate claims

to have provided summary judgment evidence sufficient to raise a fact issue on each element of each of its claims. It also argues Accurate did not have adequate time to conduct discovery on Nelson's newly-added defenses which, according to Accurate, were not timely disclosed.

On April 7, 2022, the trial court held a hearing on Accurate's motions, withdrew its previous order, accepted Accurate's response to Nelson's motion for summary judgment, and then proceeded to hear oral arguments on Nelson's motion for summary judgment. At the conclusion of the hearing, the trial court announced it was granting summary judgment with respect to Accurate's claims against Nelson in his individual capacity and invited both sides to file briefing regarding whether it is possible for an individual to do business as an entity.

After both sides submitted briefing, the trial court signed an order on June 7, 2022, granting summary judgment in favor of Nelson, individually, and d/b/a Maverick International, Ltd. On July 19, 2022, the trial court signed an Order and Final Judgment that Accurate take nothing from Nelson. The order severs all disputes between Accurate and Nelson so that the judgment is final. Accurate then filed this appeal.

**Analysis**

*Summary Judgment Standards*

After there has been adequate time for discovery, a party may file a no-evidence motion for summary judgment under Rule 166a(i) identifying at least one element of a claim or defense upon which the other party has the burden of proof and for which there is no evidence. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014); Tex. R. Civ. P. 166a(i). The trial court must grant such a motion unless the party with the burden of proof produces evidence sufficient to raise a fact issue with respect to each challenged element. *Boerjan,* 436 S.W.3d at 310. Neither party may use a no-evidence motion to resolve an issue upon which that party bears the burden of proof. Tex. R. Civ. P. 166a(i). A party seeking a traditional summary judgment under Rule 166a(c) may either conclusively negate at least one element of each of the other party's claims or conclusively establish each element of an affirmative defense with respect to each of the other party's claims. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); Tex. R. Civ. P. 166a(c).

Nelson filed a hybrid motion asserting traditional and no-evidence grounds. *See* Tex. R. Civ. P. 166a(c), (i). Because the trial court did not specify the ground or grounds upon which it granted summary judgment, we must affirm if any ground finds merit. *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023). We review the trial court's grant of summary judgment de novo. *Energen Res. Corp.*

6

*v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). "[W]e review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence is so weak that it merely creates a surmise or suspicion of the truth of a vital fact, there is no more than a scintilla of evidence of the vital fact. *King Ranch, Inc.*, 118 S.W.3d at 751. More than a scintilla of evidence of a vital fact exists only when the evidence rises to a level that would enable a reasonable, fair-minded person to conclude the truth of the vital fact. *Id*. When a party asserts both traditional and no-evidence grounds for summary judgments, we generally consider the no-evidence grounds first, and we do so here. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017).

In its fourth issue, Accurate argues the trial court erred if it granted summary judgment based on the no-evidence motion because Accurate produced more than a scintilla of evidence to support each of the elements of its claims for breach of contract, quantum meruit and fraud. We address each of these claims separately.

7

*Breach of Contract*

Nelson's motion for summary judgment alleges there is no evidence of a valid contract between Accurate and Nelson. The existence of a valid contract is the first element of a claim for breach of contract. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). In its response, Accurate was required to provide the trial court evidence sufficient to raise a fact issue regarding the existence of a valid contract with Nelson. The summary judgment evidence produced by Accurate includes the Affidavit of Virgil "Bo Jack" Davis who, after an introductory paragraph, testified as follows:

> On January 22, 2015, August 24, 2015, August 28, 2015, October 13, 2015, September 10, 2015, September 25, 2015, September 29, 2015, October 8, 2015, October 15, 2015, October 16, 2015, October 16, 2015, October 26, 2015, November 12, 2015, November 13, 2015, October 13, 2017, October 18, 2017, October 19, 2017, October 20, 2017, October 23, 2017, October 27, 2017, October 27, 2017, October 27, 2017, and December 11, 2017, Accurate Industries, Inc. and Defendants entered into contracts by which Accurate Industries was obligated to construct, provide, and modify certain goods and provide certain services. Defendants were obligated by the contracts to pay Accurate industries, Inc., the sums of $2,600.00, $400.00, $100.00, $1,200.00, $1,400.00, $400.00, $500.00, $1,200.00, $4,000.00, $4,155.00, $3,010.00, $450.00, $6,097.00, $900.00, $1,811.55, $800.00, $1,500.00, $5,200.00, $450.00, $600.00, $600.00, $1,296.00, $1,200.00, respectively, for each of the contracts.
>
> Accurate Industries, Inc. fully performed its contractual obligations, but Defendants have failed and refused to tender payment in the amounts due, which has financially damaged Accurate Industries, Inc.
>
> Each time a new contract was entered into, Defendants made assurances to Accurate Industries, Inc. that Defendants would pay, but Defendants

never had any intention of paying and intended, instead, to obtain the products and services through deception and misrepresentation.

An affidavit submitted in opposition to a motion for summary judgment "shall set forth such facts as would be admissible in evidence[.]" Tex. R. Civ. P. 166a(f). "Affidavits consisting only of conclusions are insufficient to raise an issue of fact." *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Davis's affidavit says nothing about any of the underlying facts which may or may not support his conclusion that "Accurate [] and Defendants entered into contracts" on the various dates and for the various amounts listed in the affidavit. "It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection." *Dall. R. & T. Co. v. Gossett*, 294 S.W.2d 377, 380 (Tex. 1956). Without "the necessary factual specificity," the affidavit's bare legal conclusion does not constitute competent evidence of any contracts between Accurate and Nelson. *Brownlee*, 665 S.W.2d at 112.

Accurate's summary judgment response asserts the exchange of purchase orders and invoices "proves that the parties entered into several contracts and constitute[s] sufficient evidence of the existence of those contracts." Although Accurate's petition and Davis's affidavit each refer to twenty-three alleged contracts, Accurate's summary judgment evidence includes copies of only fifteen purchase

orders from Maverick and fifteen corresponding invoices from Accurate.[2] Of these, only thirteen have dates and dollar amounts that correspond to the dates and amounts of the contracts identified in Davis's affidavit and Accurate's petition as allegedly having been breached.[3] The words "Maverick" and "Maverick International, Ltd." appear in the "Ship to:" and "Bill To:" sections of each of Accurate's invoices. None of the invoices is directed to Nelson, nor does any invoice bear any person's signature.

Each of the purchase orders bears a "Maverick International, Ltd." logo at the top. In the lower right corner of each purchase order there is a person's signature. Despite Accurate's assertions that the purchase orders do not contain any indication that they were signed in a representative capacity, the record shows the signature on each of the purchase orders is preceded by the preprinted word "BY." Words such as "by" or "per" are an indication the person signed in representative capacity, even in the absence of the signer's particular office or position. *Fed. Deposit Ins. Corp. v. K-D Leasing Co.*, 743 S.W.2d 774, 776 (Tex. App.—El Paso 1988, no writ); *Smith v. Town N. Bank*, No. 05-11-00520-CV, 2012 Tex. App. LEXIS 9356, at *9 (Tex.

---

[2]Although referenced in Accurate's summary judgment response, Purchase Orders 12372, 123506, 123569, 123588, 123677, 137676, and 123674, are not included in the record.

[3]Accurate's First Amended Petition does not assert any claim based on Purchase Order 109470 for $3200 nor Purchase Order 110718 for $250, and neither of these contracts is referenced in Davis's affidavit.

App.—Dallas Nov. 13, 2012, pet. denied) (mem. op.) ("The use of the term 'by' indicates unambiguously that [the signers] were signing only as representatives[.]").

But the question of whether the person who signed the purchase orders did so in a representative capacity is secondary to the question whether it was Nelson who signed them. Although a person's signature on a contract is not always required, the only evidence Accurate offered in support of its alleged contracts with Nelson consists of Davis's conclusory affidavit and the invoices and purchase orders exchanged between Accurate and Maverick. Accurate's summary judgment response lists twenty-two purchase orders it claims were signed by Nelson, but nine of those are either not included in the record or not mentioned in the petition. The signatures on the other thirteen are illegible. No printed name appears below any of the signatures. Without evidence that any of the signatures belongs to Nelson, neither the purchase orders nor the invoices contain any references to Nelson. Viewing the summary judgment evidence in the light most favorable to Accurate, there is no evidence Nelson participated, in any capacity, in any of the transactions in question. We conclude "there is a complete absence of evidence of a vital fact" – the existence of a valid contract between Accurate and Nelson. *Merrell Dow*, 953 S.W.2d at 711.

Accurate argues in its sixth issue that Nelson bore the burden to disprove the existence of a valid contract either by proving that he did not sign the purchase orders or that he did so only in a representative capacity. We disagree. Nelson's answer

11

includes a verified denial that he executed any contracts or writings upon which Accurate's claims are founded. *See* Tex. R. Civ. P. 93(7). But a verified denial of the execution of an instrument is not an affirmative defense. "When the defendant files a verified denial, the burden is on the plaintiff to prove the defendant's execution of the document." *George P. Bane, Inc. v. Ballard*, No. 05-19-01459-CV, 2021 Tex. App. LEXIS 2176, at *11 (Tex. App.—Dallas Mar. 22, 2021, no pet.) (mem. op.).

Nelson's answer also includes, "in the alternative[,]" a verified denial that Nelson is liable in the capacity in which he is sued. *See* Tex. R. Civ. P. 93(2). We acknowledge it is an affirmative defense for a party to allege that he signed a contract in a representative capacity. *See Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex. 1974). But Nelson's no-evidence motion does not depend on any such defense. Instead, it asserts, "Accurate has failed to produce evidence showing the existence of valid contract between Defendant Nelson and Accurate." Because the existence of a valid contract with Nelson is an element of Accurate's breach of contract claim against Nelson, the burden was on Accurate to produce some evidence of this vital fact. "Rule 93 (2) does not require a party who is sued for breach of contract to allege in a verified pleading that he is not a party to the contract. In a breach of contract action, the plaintiff has the burden to prove that the defendant has obligated himself under the contract; the defendant's denial of this element does not constitute an affirmative defense under Rule 93." *Miles v. Plumbing Servs. of Hous., Inc.*, 668 S.W.2d 509,

12

512-13 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *see also John Chezik Buick Co. v. Friendly Chevrolet Co.,* 749 S.W.2d 591, 593 (Tex. App.—Dallas 1988, writ denied). That said, it is not necessary for us to decide whether Nelson's alternative plea under Rule 93(2) is an affirmative defense, because in the absence of evidence Nelson signed any of the contracts in any capacity, we need not reach the question of the propriety of the capacity in which Accurate seeks to hold him liable. Because we conclude it was Accurate's burden to produce evidence of a valid contract with Nelson, we overrule Accurate's sixth issue.

*Quantum Meruit*

"The elements of a quantum meruit claim include proof that: '1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.'" *Bashara v. Baptist Mem'l Hosp. Sys.,* 685 S.W.2d 307, 310 (Tex. 1985) (quoting *City of Ingleside v. Stewart,* 554 S.W.2d 939 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.)). Nelson's motion for summary judgment asserts there is no evidence with respect to each of these elements. Accurate's response does not address quantum meruit nor any of its elements. Although Accurate was not required to marshal its evidence, it was

13

required to "point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a cmt.; s*ee also Butler v. Deutsche Bank Nat'l Tr. Co.*, No. 09-20-00137-CV, 2022 Tex. App. LEXIS 2810, at *11 (Tex. App.—Beaumont Apr. 28, 2022, no pet.) (mem. op.). Because Davis's affidavit is conclusory and Nelson is not mentioned in any of the invoices or purchase orders, Accurate's summary judgment evidence does not contain any indication Accurate provided valuable services or materials to Nelson, nor that Nelson received or accepted any such services or materials from Accurate. We conclude Accurate failed to carry its burden to provide the trial court more than a scintilla of evidence to support its quantum meruit claim.

*Fraud*

In this context, "[t]he elements of common law fraud are: 1) that a material representation was made; 2) it was false; 3) the speaker knew the representation was false when he made it, or he made the representation recklessly without any knowledge of its truth and as a positive assertion; 4) with the intention that it should be acted upon by the party; 5) that the party acted in reliance upon it; and 6) thereby suffered injury." *Southeast Tex. Homecare Specialists, Inc. v. Triangle Billing, Inc.*, 43 S.W.3d 106, 110 (Tex. App.—Beaumont 2001, no pet.). Nelson's motion for summary judgment asserts there is no evidence with respect to each of these elements.

14

Davis's affidavit asserts, "Each time a new contract was entered into, Defendants made assurances to Accurate Industries, Inc. that Defendants would pay, but Defendants never had any intention of paying and intended, instead, to obtain the products and services through deception and misrepresentation." Affidavits must be based on personal knowledge. Tex. R. Civ. P. 166a(f). "[A] witness cannot testify to the state of mind of another person." *Lehman v. Corpus Christi Nat'l Bank*, 668 S.W.2d 687, 689 (Tex. 1984). "An affidavit showing no basis for personal knowledge is legally insufficient." *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). Davis's conclusory statements about Nelson's state of mind do not constitute competent evidence that Nelson knew any representation was false at the time the representation was made nor that Nelson intended to deceive Accurate. *See Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Accurate also did not provide the trial court any evidence Accurate acted in reliance upon any representation made by Nelson. We conclude Accurate failed to carry its burden to provide the trial court more than a scintilla of evidence to support its claim for fraud.

Because Accurate did not provide competent summary judgment evidence of each element of its claims for breach of contract, quantum meruit and fraud in response to Nelson's no-evidence motion for summary judgment, we overrule Accurate's fourth issue.

15

*Discovery Issues*

In its first issue, Accurate asserts the trial court erred in granting summary judgment because Nelson failed to timely disclose his defensive theories that there was a defect in parties, that Maverick was a potential party, and that Nelson was not liable in the capacity in which he was sued. Because Nelson's October 1, 2018, Response to Request for Disclosure did not include any of these defenses, and because the response was never supplemented, Accurate argues Nelson's summary judgment cannot be upheld based on any of these defenses.

Upon learning that a disclosure response is incomplete or incorrect, a party is required to supplement its response "unless the additional or corrective information has been made known to the other parties in writing, on the record at a deposition or through other discovery responses." Tex. R. Civ. P. 194.4(a)(2). When a party fails to comply with a discovery rule, Rule 193.6 prohibits a party from "introduc[ing] in evidence the material or information that was not timely disclosed[.]" *Id*. 193.6(a). While the rule results in automatic exclusion of undisclosed evidence, it does not authorize the elimination of a party's legal theories. *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 Tex. App. LEXIS 655, at *17 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) ("Rule 193.6 is generally geared towards the exclusion of evidence, not entire legal theories."). Notice of a party's legal theories is generally derived from the pleadings. *Id*. at *18. "The office of pleadings is to define the issues at

trial." *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). Maverick's Original Answer, filed in 2018, notified Accurate that Maverick claimed that the correct name of the "Defendant" was "Maverick International, Ltd.," and that it had been "incorrectly named as 'Jerry Nelson, individually and d/b/a Maverick International, Ltd.'" During the April 7, 2022 hearing, Accurate's counsel explained to the trial judge that discovery had not been conducted on these issues because Maverick's answer was not verified and because Nelson's disclosure responses did not disclose those same defensive theories. To the extent the trial court's granting of Nelson's motion for summary judgment impliedly overruled Accurate's arguments under Rule 193.6 that the evidence supporting Nelson's defenses should be automatically excluded, the trial court may have concluded either that Nelson did not have a duty to supplement its disclosure responses or that Accurate was not unfairly surprised by Nelson's failure to supplement, and based on the record before us, we cannot say the trial court abused its discretion. *See* Tex. R. Civ. P. 194.4(a)(2), 193.6(a)(2)*; see also Jackson v. Takara*, 675 S.W.3d 1, 6 (Tex. 2023) ("A court of appeals reviews a trial court's decision under Rule 193.6(a) for abuse of discretion."). That said, we need not determine whether Nelson was required to disclose any defense beyond the general denial mentioned in his disclosure response, because the trial court's summary judgment may be upheld based solely on the absence of evidence of vital facts upon which Accurate bore the burden of proof,

17

rather than on any defense Nelson allegedly failed to timely disclose. We overrule Accurate's first issue.

In its third issue, Accurate argues the trial court did not allow adequate time for discovery on the defenses Nelson asserted in his January 25, 2022, First Amended Original Answer. Accurate did not preserve this issue by filing either a verified motion for continuance or an affidavit explaining the additional discovery it claims was necessary. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Mejia v. Mobiloil Fed. Credit Union*, No. 09-21-00079-CV, 2023 Tex. App. LEXIS 1883, at *18-19 (Tex. App.—Beaumont Mar. 23, 2023, no pet.) (mem. op.); Tex. R. Civ. P. 166a(g), 251, 252. We overrule Accurate's third issue.

*Notice of Hearing*

In its eleventh issue, Accurate argues the trial court erred in granting summary judgment without providing proper notice of the April 7, 2022, hearing. In response, Nelson asserts Accurate waived any complaint about untimely notice by participating in the hearing without objecting. Nelson also argues any error was harmless since the trial court granted Accurate's request for leave to file a response and did not sign an order granting summary judgment until two months after the hearing.

Except on leave of court, Texas Rule of Civil Procedure 166a(c) requires at least 21 days' notice of the hearing on a motion for summary judgment. Tex. R. Civ.

P. 166a(c); *see Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994). "The purpose of Rule 166a's notice provision is to provide the nonmovant with an opportunity to respond to the motion within the deadline that the rule prescribes for a response." *Barrientos v. Barrientos*, 675 S.W.3d 399, 405 (Tex. App.—Eastland 2023, pet. denied). "The hearing date determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998).

Nelson's summary judgment motion was initially set for hearing on March 10, 2022. The trial court initially granted the motion on that date, but Accurate subsequently filed a combined motion for leave, motion to reconsider, motion for new trial, and response to motion for summary judgment, asserting it did not receive notice. During the subsequent hearing on April 7, 2022, the trial court vacated its summary judgment order and granted leave for Accurate to file its summary judgment response which was already included within its motion for leave. When the trial court immediately proceeded to rehear Nelson's motion for summary judgment, Accurate participated without objection. "The non-movant waives error arising from late notice if he appears at the hearing without moving for a continuance or objecting to the lack of notice in his response." *Hearn v. Bayer Corp.*, No. 09-01-00079 CV, 2001 Tex. App. LEXIS 4360, at *2-3 (Tex. App.—Beaumont June 28, 2001, no pet.) (mem. op.). Moreover, "the twenty-one-day notice requirement set

forth in Rule 166a(c) does not apply to a trial court's reconsideration of its prior ruling on a motion for summary judgment." *Note Inv. Grp., Inc. v. Assocs. First Capital Corp.*, 476 S.W.3d 463, 494-95 (Tex. App.—Beaumont 2015, no pet.). Accurate should not be heard to complain that the trial court reconsidered Nelson's motion for summary judgment at a hearing Accurate scheduled for the purpose of asking the court to do just that.

Even if it were error for the trial court to hear Nelson's motion for summary judgment on April 7, and even if Accurate had preserved its complaint about lack of notice, we agree with Nelson that any such error was harmless. In *Martin*, the trial court, without notice to the plaintiff, granted the defendants' motion for summary judgment only four days after it had been filed. 989 S.W.2d at 358. Two days later, the plaintiff filed a response, and eleven days later, the trial court issued an order stating it had received and considered the response and that its prior ruling granting the summary judgment remained correct. *Id*. The Texas Supreme Court held that the trial court erred in granting the motion for summary judgment without notice to the plaintiff but that "[t]he error was harmless, however, because the court fully considered [the plaintiff's] response and reconfirmed its ruling." *Id*. at 359. Like the plaintiff in *Martin,* Accurate "does not contend that the district court's actions prevented [Accurate] from presenting to the court a full response to [Nelson's]

20

motion for summary judgment." *Id*. We conclude any error based on lack of notice, even if preserved, was harmless. We overrule Accurate's eleventh issue.

## Conclusion

Having upheld the summary judgment on no-evidence grounds, we need not address issues two, five, seven, eight, nine and ten in which Accurate challenges alternative grounds which may or may not have provided additional support for the summary judgment. The trial court's summary judgment is affirmed.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 20, 2024
Opinion Delivered January 16, 2025

Before Johnson, Wright and Chambers, JJ.